The School District of Pittsburgh et al., Appellants *v.* Robert and Alexis Rankin, Minors, by Amanda Rankin, their mother et al., Appellees. Robert and Alexis Rankin, Minors, by Amanda Rankin, their mother et al., Appellants *v.* The School District of Pittsburgh et al., Appellees.

Argued November 18, 1980, before President Judge CRUMLISH and Judges WILKINSON, JR., ROGERS, BLATT, CRAIG, WILLIAMS, JR. and PALLADINO. Judges MENCER and MACPHAIL did not participate.

*Robert J. Stefanko,* Solicitor, with him *Persifor S. Oliver, Jr.,* Assistant Solicitor, for appellants, The School District of Pittsburgh et al.

*Jerome J. Munsford,* with him *Conrad Johnson,* for appellees, Robert and Alexis Rankin, minors, by Amanda Rankin, their mother et al.

OPINION BY JUDGE WILKINSON, JR., December 17, 1980:

As aptly pointed out by Judge FARINO of the Court of Common Pleas of Allegheny County in his opinion in this case filed to No. G.D. 75-19178, In Equity, on August 15, 1979, the facts of this case have been more than adequately set forth in court opinions. In addition to the August 15, 1979 opinion of Judge FARINO, they are set forth in *Rankin v. School District of Pittsburgh,* 33 Pa. Commonwealth Ct. 129, 381 A.2d 195 (1977), and *School District of Pittsburgh v. Rankin,* 39 Pa. Commonwealth Ct. 222, 396 A.2d 856 (1978).

With the August 15, 1979 opinion an order was entered approving appellants' reassignment plan as an interim plan and ordered appellants to submit a permanent comprehensive reassignment plan within sixty days. On September 14, 1979, appellants filed a motion for reconsideration of the August 15, 1979 order, which motion was denied on September 18, 1979.

On September 14, 1979, the appellants filed their appeal from the August 15, 1979 order to this Court, which appeal was docketed to 1959 C.D. 1979.[1]

While this appeal was pending, the trial court, on November 8, 1979, granted appellees' motion to vacate the automatic supersedeas in accordance with Pa. R.A.P. 1736(b). In the same order vacating the automatic supersedeas, the trial court set December 11, 1979, as the date for a hearing for the court to fashion its reassignment plan in view of the fact that appellants had not submitted a plan in accordance with the August 15, 1979 order. The hearing was continued from December 11, 1979, to December 20, 1979. Appellants filed objections to the trial court's order setting the date for a hearing to take testimony and to devise

---

[1] On April 18, 1980, appellants filed a motion to discontinue their appeal since they had filed a comprehensive desegregation plan on April 16, 1980. This motion was granted on April 21, 1980.

a court reassignment plan. The basis for the objections was that the August 15, 1979, order was on appeal and the trial court, under Pa. R.A.P. 1701(a) was without authority to proceed further since the action did not come within any of the exceptions set forth in Pa. R.A.P. 1701(b). At the hearing the trial court stated that the motion would be taken into consideration, but the record does not reveal that the objection was ever acted upon.

Following the hearing, the trial court, on January 14, 1980, entered an order directing its reassignment plan to be implemented by the appellants beginning in September 1980. Cross appeals from this January 14, 1980 order are before the Court at this time.

The very narrow issue before us is whether the trial court's hearing of December 20, 1979 and its January 14, 1980 order were proper as an exception to Pa. R.A.P. 1701(a) as provided in subsection (b) of that rule. Were these actions enforcing the August 15, 1979 order or were they actions proceeding further with the matter on appeal? We believe they were the latter, were beyond the authority of the trial court and we must reverse. *See, Grove v. Zoning Hearing Board of Thornbury Township,* 40 Pa. Commonwealth Ct. 47, 397 A.2d 22 (1979).

An appropriate action of the trial court to enforce its August 15, 1979 order under the exception of Pa. R.A.P. 1701(b) would have been a rule to show cause why appellants should not be held in contempt for failure to submit a plan.

Accordingly, we will enter the following

ORDER

AND Now, December 17, 1980, the order of the Court of Common Pleas of Allegheny County, dated January 14, 1980, entered to No. G.D. 75-19178, In Equity, is hereby set aside.

Judge CRAIG and Judge WILLIAMS, JR. *dissent.*