John Leonard et al., Appellants *v.* The Zoning Hearing Board of Cheltenham Township et al., Appellees.

Argued December 16, 1982, before Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*Christina J. Barbieri, Kates, Livesey & Mazzocone, P.C.,* for appellants.

*Morris Gerber,* with him *Gilbert P. High, Jr., Gerber & Shields,* for appellees.

OPINION BY JUDGE DOYLE, February 22, 1983:

These consolidated appeals concern two orders of the Court of Common Pleas of Montgomery County which directed the posting of security in the appeal of two decisions of the Cheltenham Township Zoning Hearing Board (Board), and dismissed those appeals when Appellants failed to post the required security. We affirm both orders of the court of common pleas.

Appellants are landowners whose property abuts the property of the Crestview Convalescent Home (Crestview) located on Church Road in Cheltenham Township. Crestview has been operated as a state licensed skilled nursing care facility since 1954. Crestview seeks to expand its facility and Appellants are opposed to its expansion. The dispute over Crestview's expansion dates back to 1974, although the instant litigation does not. Examination of relevant facts since that time, however, will place in proper perspective the common pleas court's decision to require the posting of security.

In March of 1974, the Cheltenham Township Commissioners enacted ordinance No. 1318 which permitted special exceptions for the "expansion and/or replacement of an existing non-conforming nursing home" whenever the existing structure did not comply with the township, state, or federal regulations regarding size, capacity, safety or type of construction. Special exceptions were also permitted whenever reconstruction, addition or replacement was desirable to meet capacity standards specified in town-

ship, state or federal regulations for the purpose of providing health insurance benefits to the nursing homes' occupants or patients. In 1974, Crestview applied for a special exception to expand its facility to 170 beds. The Cheltenham Township Zoning. Hearing Board granted the requested special exception in June, 1974. Several of the abutting landowners who appeal here,[1] filed appeals with the Court of Common Pleas of Montgomery County, challenging both the decision granting the special exception and the validity of Ordinance No. 1318. Crestview intervened in both appeals.

In 1977, the court of common pleas dismissed the appeals and modified the decision of the Zoning Hearing Board reducing the number of beds permitted under the special exception to 153. The landowners appealed to this Court and we affirmed, finding no abuse of discretion or error of law. *Appeal of Kates,* 38 Pa. Commonwealth Ct. 145, 393 A.2d 499 (1978):[2] A petition for allowance of an appeal to the Pennsylvania Supreme Court was subsequently denied in 1979. Following that denial of allocatur, however, Crestview was financially unable to begin construction within the required time and the permission it had received to expand under the special exception lapsed.

On October 21, 1980, the Cheltenham Township Commissioners amended Ordinance No. 1318 by enacting Ordinance No. 1490. That enactment reduced the square footage of lot area required per bed and eliminated the requirement that the facility must first fail to comply with township, state or federal, size,

---

[1] Appellants, Kates, Leonard, Mayer and Zaslow.

[2] The case was argued before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, BLATT and DISALLE. Judge BLATT authored the Court's opinion.

capacity, safety or type of construction regulations in order to qualify for a special exception. In September, 1981, Crestview again applied for a special exception, seeking to expand its facility to 153 beds. The Zoning Hearing Board held two public hearings on Crestview's application. At the second, Appellants raised the issue of the validity of Ordinance No. 1490. In response, Crestview submitted into evidence the transcripts of testimony given in the 1974 special exception proceedings. Crestview urged that their 1981 application, identical to that offered in 1974 except for reduction of the proposed number of beds to 153,[3] qualified for a special exception even if Ordinance No. 1490 were found invalid and Ordinance No. 1318 still applied. The special exception was granted and two appeals to the Montgomery County Court of Common Pleas followed. One appeal challenged the grant of the special exception, the other challenged the validity of Ordinance No. 1490.

Crestview and the Township of Cheltenham intervened in each of the appeals and Crestview filed a petition for bond pursuant to Section 1008(4) of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, added by Act of June 1, 1972, P.L. 333, *as amended,* 53 P.S. §11008(4), asserting that both appeals were frivolous and were taken solely for the purpose of delay. A hearing was held on March 18 and 19, 1982 at which Crestview presented evidence regarding the damages it would suffer in operating losses during the pendency of the appeals. The court of common pleas found both appeals to be frivolous and taken solely for purposes of delay, and on May 10, 1982, directed Appellants to file security in the amount of $32,000.00 within five

---

[3] The reduction in the number of proposed beds reflected the earlier modification by the court of common pleas.

days, and $32,000.00 each month thereafter until final disposition of the two appeals. Appellants failed to post security, and on May 20, 1982, the court dismissed the appeals. Appeal to this Court followed.

Section 1008(4) of the Code provides clear statutory authority for the order requiring Appellants to post the bond. The section provides, in pertinent part:

> If the appellants are persons who are seeking to prevent a use or development of the land of another, whether or not a stay is sought by them, the landowner whose use or development is in question may petition the court to order the appellants to post bond as a condition to proceeding with the appeal. After the petition is presented the court shall hold a hearing to determine if the filing of the appeal is frivolous and is for the purpose of delay. At the hearing evidence may be presented on the merits of the case. After consideration of all evidence presented, if the court determines that the appeal is frivolous and is for the purpose of delay it shall grant the petition. . . . The question of the amount of the bond shall be within the sound discretion of the court.

Our review of the action of the court of common pleas under this section is limited to a determination of whether the court abused its discretion. *See Anthony Appeal,* 25 Pa. Commonwealth Ct. 41, 358 A.2d 874 (1976).

In light of the protracted history of this dispute over Crestview's expansion, we cannot say that the trial court abused its discretion in finding Appellants' appeal of the grant of the special exception frivolous and taken solely for purpose of delay. Assuming *arguendo* that Ordinance No. 1490 was invalid, the record shows that the application submitted

and the testimony offered to support it are precisely the same as that which was considered in 1974 under Ordinance No. 1318 by the Zoning Hearing Board, and reviewed by the court of common pleas and this Court on appeal. We found the action of the Board in that matter to be correct as modified by the court of common pleas, *Appeal of Kates,* and our Supreme Court declined further review. The application for the present grant of a special exception altered the original only to adjust the number of beds proposed to reflect the court of common pleas' modification. While the Board, in considering the present application, was not bound by the earlier determinations, and no court would be bound by them on appeal, the substantial identity of the application weighs heavily toward the grant of the exception in this case and subsequent affirmance on appeal. The record discloses no persuasive additional testimony presented by Appellants to suggest a different result. The court of common pleas did not abuse its discretion in concluding that the appeal was without merit,[4] frivolous, and taken for purpose of delay, and did not err in requiring the posting of security.

We similarly find no abuse of discretion in the conclusion by the court of common pleas that Appellants' challenge to Ordinance 1490 was frivolous and

---

[4] Appellants argue that the court of common pleas committed an error of law in failing to consider the merits of the appeal *de novo* and in failing to make adequate findings of fact on the merits, and urge that we remand for a proper proceeding in the court of common pleas. We point out that it is Appellants who have committed an error of law, not the court. The proceeding before the court of common pleas was a hearing on Crestview's petition for the requirement of security under §1008(4). At such a hearing the court is permitted by statute to take evidence on the merits. The court does not, however, *decide* the merits of the case, and is not held to the standards applied when the court hears the appeal.

taken only for purpose of delay, and in its requiring the posting of security. As noted above, the record shows that Crestview qualified for a special exception under the terms of Ordinance No. 1318. The elimination of several restrictive terms by amendment in Ordinance No. 1490, therefore, had no impact on Crestview's ability to obtain the special exception to expand. The record further shows that the expansion proposed and allowed by the grant of the special exception puts the number of beds in the facility at the maximum capacity for the site. The deletion of the non-compliance terms from the ordinance thus has no future impact on the Crestview property nor on abutting properties.

Finding no abuse of discretion in the order requiring Appellants to post security, we find none in the order dismissing the appeals when no security was posted.

ORDER

Now, February 22, 1983, the orders of the Court of Common Pleas of Montgomery County in the above referenced matter, dated May 10 and May 20, 1982 are hereby affirmed.