8

472 A.2d 619

In re Appeal of AFFECTED AND AGGRIEVED RESIDENTS
FROM the ADVERSE ACTION OF the SUPERVISORS OF
WHITPAIN TOWNSHIP.

Appeal of R. & R. COMPANY.

Superior Court of Pennsylvania.

Argued June 15, 1983.
Filed Feb. 3, 1984.

John P. Knox, Ambler, for appellant.

William W. Spalding, Philadelphia, for appellees.

Before CERCONE, President Judge, and McEWEN and MONTEMURO, JJ.

McEWEN, Judge:

This is an appeal from an order of the Court of Common Pleas of Montgomery County which denied a petition filed by appellant pursuant to Section 2503(9) of the Judicial Code, 42 Pa.C.S.A. § 2503(9), seeking an award of reasonable counsel fees. Appellant, the owner of a tract of land in Whitpain Township, sought to recover the amount of counsel fees expended in appeal proceedings undertaken by certain residents of Whitpain Township challenging the rezoning of land owned by appellant. The distinguished Judge Anthony Scirica found that appellant had failed to establish the statutory requirements for entitlement to counsel fees and, thus, denied the petition. Appellant argues that the appeals from the decision of the Board of Supervisors which were undertaken by the residents were so capricious that the hearing judge erred when he concluded that the residents' conduct was not "arbitrary, vexatious or in bad faith", as required by Section 2503(9) of the Judicial Code, 42 Pa.C.S. § 2503(9). We affirm.

Appellant filed an application on January 28, 1980, with the Whitpain Township Board of Supervisors to rezone 59.477 acres of land from a residential district to a limited industrial district. The Board of Whitpain Township Supervisors conducted five public hearings upon the zoning application and rezoned the tract of land to a limited industrial district on August 1, 1980. The residents initiated an appeal on August 29, 1980, pursuant to Section 1007 of the Pennsylvania Municipalities Planning Code,[1] to the Whitpain Township Zoning Hearing Board challenging the zoning as "spot zoning". The residents also filed an appeal to the Common Pleas Court pursuant to Section 1003 of the Pennsylvania Municipalities Planning Code,[2] in which they alleged defects in the process of the rezoning ordinance. Appellant secured the entry of a rule upon the residents on September 30, 1980, to show cause why the court should not require the residents to post bond as a condition to continuing the proceedings before the Zoning Hearing Board as well as before the court, pursuant to Sections 916[3] and

1. Act of July 31, 1968, P.L. 805, as amended, 53 P.S. § 11007.

2. Act of July 31, 1968, P.L. 805, as amended, 53 P.S. § 11003.

3. Section 916 of the Municipalities Planning Code provides:

§ 10916. Stay of proceedings

Upon filing of any proceeding referred to in section 914 and during its pendency before the board all land development pursuant to any challenged ordinance, order or approval of the zoning officer or of any agency or body, and all official action thereunder shall be stayed unless the zoning officer or any other appropriate agency or body certifies to the board facts indicating that such stay would cause imminent peril to life or property, in which case the development or official action shall not be stayed, otherwise than by a restraining order, which may be granted by the board or by the court having jurisdiction of zoning appeals on petition after notice to the zoning officer or other appropriate agency or body. When an application for development, preliminary or final, has been duly approved and proceedings designed to reverse or limit the approval are filed with the board by persons other than the applicant, the applicant may petition the court having jurisdiction of zoning appeals to order such persons to post bond as a condition to continuing the proceedings before the board. After the petition is presented the court shall hold a hearing to determine if the filing of the appeal is frivolous and is for the purpose of delay. At the hearing evidence may be presented on the merits of the case. After consideration of all evidence presented, if the court

1008(4)[4] of the Municipalities Planning Code, 53 P.S. §§ 10916, 11008(4). The court, pursuant to the statutory mandate that a hearing be held to determine if the filing of the appeal was frivolous and for the purpose of delay, heard evidence on November 17, 1980 regarding the grounds for both appeals as well as on the question of damages. *See Leonard v. Zoning Hearing Board of Cheltenham Township,* 72 Pa.Cmwlth. 237, 457 A.2d 132 (1983). The court concluded (1) that the appeals of the residents to the zoning board and to the Common Pleas Court were "frivolous and for the purpose of delay" and (2) directed the residents to post a bond in the amount of $98,000 per month for six months or suffer dismissal with prejudice. The residents failed to comply with the direction of the court to post bond and the court, on January 7, 1981, dismissed both appeals with prejudice. The residents appealed to the Commonwealth Court on January 23, 1981, from the order dismissing their appeals with prejudice. While that appeal was

determines that the appeal is frivolous and is for the purpose of delay it shall grant the petition. The right to petition the court to order the appellants to post bond may be waived by the appellee but such waiver may be revoked by him if an appeal is taken from a final decision of the court. The question whether or not such petition should be granted and the amount of the bond shall be within the sound discretion of the court.

4. Section 1008(4) of the Municipalities Planning Code provides:

**11008. Appeals to court; commencement; stay of proceedings**

(4) The filing of an appeal in court under this section, shall not stay the action appealed from but the appellants may petition the court having jurisdiction of zoning appeals for a stay. If the appellants are persons who are seeking to prevent a use or development of the land of another, whether or not a stay is sought by them, the landowner whose use or development is in question may petition the court to order the appellants to post bond as a condition to proceeding with the appeal. After the petition is presented the court shall hold a hearing to determine if the filing of the appeal is frivolous and is for the purpose of delay. At the hearing evidence may be presented on the merits of the case. After consideration of all evidence presented, if the court determines that the appeal is frivolous and is for the purpose of delay it shall grant the petition. The right to petition the court to order the appellants to post bond may be waived by the appellee but such waiver may be revoked by him if an appeal is taken from a final decision of the court. The question of the amount of the bond shall be within the sound discretion of the court.

pending in the Commonwealth Court, appellant proceeded on February 11, 1981, under Section 2503(9) of the Judicial Code, 42 Pa.C.S. § 2503(9), to petition the court to order the residents to reimburse appellant "for all counsel fees expended to date as well as such counsel fees as would be incurred." The Common Pleas Court conducted a hearing upon the petition on June 8, 1981, but reserved decision on the matter. The Commonwealth Court, on August 17, 1981, 61 Pa.Cmwlth. 305, 433 A.2d 630, affirmed the order of the Common Pleas Court which had dismissed the appeals of the residents by reason of their failure to post bond. The Common Pleas Court by order of September 28, 1981, denied the petition of appellant seeking counsel fees. It is from that order of denial that the instant appeal has been taken.

Appellees contend that the Court of Common Pleas was without jurisdiction to entertain the petition for counsel fees filed by appellant as a result of the appeal taken to the Commonwealth Court on January 23, 1981. We are constrained to agree.

"The general rule, and time-honored maxim, is that after an appeal has been taken the lower court may no longer proceed further in the matter. Pa.R.A.P. 1701(a)." *Grove v. Zoning Hearing Board of Thornbury Township,* 40 Pa.Cmwlth. 47, 50, 397 A.2d 22, 24 (1979). *Accord School District of Pittsburgh v. Rankin,* 55 Pa.Cmwlth. 371, 373, 423 A.2d 1087, 1088 (1980); *Marlowe v. Zoning Hearing Board of Haverford,* 52 Pa.Cmwlth. 224, 227, 415 A.2d 946, 948 (1980). At all times relevant to the instant proceedings, Pa.R.A.P. 1701 provided, inter alia:

### RULE 1701. Effect of Appeal Generally

(a) **General rule** Except as otherwise prescribed by these rules, after an appeal is taken or a petition for allowance of appeal is filed in a matter or review of a quasijudicial order is sought, the lower court or other government unit may no longer proceed further in the matter.

**(b) Authority of lower court or agency after appeal.** After an appeal is taken or a petition for allowance of appeal is filed in a matter or review of a quasijudicial order is sought, the lower court or other government unit may:

(1) Take such action as may be necessary to preserve the status quo, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in forma pauperis, grant supersedeas, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.

\* \* \* \* \* \*

**(c) Limited to matters in dispute.** Where only a particular item, claim or assessment adjudged in the matter is involved in an appeal, or in a petition for review proceeding relating to a quasijudicial order, the appeal or petition for review proceeding shall operate to prevent the lower court or other government unit from proceeding further with only such item, claim or assessment, unless otherwise ordered by the lower court or other government unit or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant.

\* \* \* \* \* \*

■ The petition for counsel fees filed by appellant averred that appellees were liable for reasonable counsel fees incurred by appellant on the grounds that the appeals filed by appellees were "arbitrary, vexatious or in bad faith". This issue was not ancillary to the matter then on appeal before the Commonwealth Court, namely, whether the appeals undertaken by appellees were "frivolous and for the purpose of delay." The Common Pleas Court was, therefore, without jurisdiction to entertain the petition. However, the Commonwealth Court affirmed the order which dismissed the appeals filed by the residents prior to the entry of the order presently before us. We, therefore,

in the interests of judicial economy will address the merits of the arguments raised by appellant.[5]

We are of a mind that the trial court correctly ruled upon the request for counsel fees when it denied the petition filed by appellant. Section 2503 of the Judicial Code, 42 Pa.C.S. § 2503, provides in relevant part:

**Section 2503. Right of participants to receive counsel fees**

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

(1–8) ...

(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was *arbitrary, vexatious or in bad faith.* (emphasis supplied).

Appellant contends that the finding of the trial court that the appeals undertaken from the decision of the Board of Supervisors were "frivolous and for the purpose of delay," pursuant to Sections 916 and 1008(4) of the Municipalities Planning Code,[6] compels the conclusion that the conduct of appellees in pursuing the appeals was "arbitrary, vexatious or in bad faith." We disagree.

 The court is empowered under the relevant provisions of the Municipalities Planning Code to order that a bond be posted if the appeal is found to be "frivolous and for the purposes of delay." An appeal is frivolous if " 'the plaintiff's realistic chances of ultimate success are slight' ". *Appeal of Langmaid Lane Home Owners Association,* 77 Pa.Cmwlth. 53, 60, 465 A.2d 72, 75 (1983) quoting *Clark v. Zimmerman,* 394 F.Supp. 1166, 1178 (M.D.Pa.1975). Accord: *Collis v. Zoning Hearing Board of the City of*

**5.** It should be noted that we here proceed to a decision upon the merits even though the hearing court had been divested of jurisdiction to entertain the petition for counsel fees. *See* Pa.R.A.P. 1701. We emphasize that we do so only under the unique circumstances of this case.

**6.** 53 P.S. §§ 11008(4), 10916.

*Wilkes-Barre,* 77 Pa.Cmwlth. 4, 10, 465 A.2d 53, 57 (1983). Section 2503(9), however, authorizes the court to award reasonable counsel fees as part of the taxable costs of the matter *only* upon a finding that the conduct of the party in commencing or proceeding in the matter was "arbitrary, vexatious or in bad faith." Arbitrary has been defined as " 'based on random or convenient selection or chance rather than on reason or nature.' " *In Re Estate of Roos,* 305 Pa.Super. 86, 94 n. 2, 451 A.2d 255, 259 n. 2, (1982) quoting Webster's Third New International Dictionary, 1976. Vexatious has been defined as " 'instituted without sufficient grounds and serving *only* to cause annoyance' ". *In Re Estate of Roos, supra,* 305 Pa.Superior Ct. at 94 n. 2, 451 A.2d at 259 n. 2 quoting *Santoro v. City of Philadelphia,* 59 Pa.Cmwlth. 114, 122, 429 A.2d 113, 117 (1981) (emphasis supplied). "Bad faith, as that term has been defined is 'fraud, dishonesty, or corruption.' " *In Re Estate of Roos, supra,* 305 Pa.Superior Ct. at 94 n. 2, 451 A.2d at 259 n. 2 quoting *Frick v. McClelland,* 384 Pa. 597, 600, 122 A.2d 43, 45 (1956). As a finding that an appeal is "frivolous" for purposes of the bond requirements of the Municipalities Planning Code does not necessarily entail a finding that the conduct of a party in pursuing a frivolous appeal is arbitrary, vexatious or in bad faith, the hearing court correctly rejected this assertion of appellant.

█ Our review of the record discloses that appellees called as a witness at the hearings before the Board of Supervisors a land use planning expert who testified that the rezoning of the property owned by appellant was spot zoning. In addition, both the Montgomery County Planning Commission and the Township Planning Commission opposed the subdivision proposal which was adopted by the Whitpain Township Board of Supervisors. As a result, there was certainly a sufficient evidentiary basis for the finding of the hearing court that the conduct of appellees in pursuing appeals to the Zoning Hearing Board and the

Court of Common Pleas was not arbitrary, vexatious or in bad faith.

Order affirmed.