568 A.2d 667

**COMMONWEALTH of Pennsylvania DEPARTMENT OF TRANSPORTATION**

v.

**SPRINGBROOK TRANSPORT, INC.**

**Appeal of COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Superior Court of Pennsylvania.

Argued Oct. 25, 1989.

Filed Jan. 16, 1990.

Craig A. Sopin, Philadelphia, for appellant.

Marc I. Rickles, Newtown, for appellee.

Before MONTEMURO, POPOVICH and CERCONE, JJ.

POPOVICH, Judge:

This is an appeal by the Commonwealth from an order of the Court of Common Pleas of Bucks County. We quash and remand this case to the trial court for a determination of reasonable attorney's fees in favor of Springbrook Transport, Inc.

On July 13, 1988, Gary Wertz, an employee of Springbrook Transport, Inc. ("Springbrook"), was driving a Mack truck owned and registered by C & L Warehouse, Inc. of New Jersey, when he was stopped by Chief of Police Stephen Burke while traveling through Penndel, Pennsylvania. The truck was not registered in Pennsylvania. Chief Burke issued a citation charging Springbrook with violating 75 Pa.C.S. § 1301(a), which prohibits driving vehicles without a Pennsylvania registration. The citation identified Springbrook as the owner of the truck, even though Chief Burke was aware that the truck was owned and registered by a New Jersey business.

A trial was held before District Justice Catherine Marks, who found a title violation under 75 Pa.C.S. § 1575(a),[1] and

1. 75 Pa.C.S. § 1575(a) provides:

amended the citation accordingly. Additionally, Springbrook was found guilty of permitting a § 1301(a) violation.[2] A $2267.50 fine was imposed. Thereafter, Springbrook appealed to the Court of Common Pleas for a trial de novo.

Following the trial, *Springbrook was found not guilty* on the ground that it was statutorily exempt from the registration requirements of § 1301(a). This appeal followed.

The Commonwealth raises one issue for our consideration: whether the trial court erred as a matter of law in finding Springbrook exempt from the registration requirements of 75 Pa.C.S. § 1301. In response, Springbrook argues that: (1) the Commonwealth's appeal should be quashed because the trial court's verdict amounted to an acquittal; therefore, a review of the verdict would violate the double jeopardy clauses of the fifth amendment to the United States Constitution and Article I, § 10 of the Pennsylvania Constitution [3] and (2) the Commonwealth should pay reasonable counsel fees to Springbrook for expenses incurred as a result of this frivolous appeal.

(a) General rule.—No person shall authorize or permit a motor vehicle owned by him or under his control to be driven in violation of any of the provisions of this title.

2. 75 Pa.C.S. § 1301(a) provides:
(a) Driving unregistered vehicle prohibited.
No person shall drive or move and no owner shall knowingly permit to be driven or moved upon any highway any vehicle which is not registered in this Commonwealth unless the vehicle is exempt from registration.

3. The double jeopardy clause of the fifth amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V.
Article 1, § 10 of the Pennsylvania Constitution states that "[n]o person shall, for the same offense, be twice put in jeopardy of life or limb." Pa. CONST. art. I, § 10.
Black's Law Dictionary defines double jeopardy as follows:
Common-law and constitutional (Fifth Amendment) prohibition against a second prosecution after a first trial for the same offense. The evil sought to be avoided is double trial and double conviction, not necessarily double punishment. (citations omitted).
BLACK'S LAW DICTIONARY 440 (5th ed. 1979).

It is not necessary to address the merits of the Commonwealth's appeal due to our resolution of Springbrook's contentions. Clearly, this appeal offends the double jeopardy clauses of the state and federal constitutions. The Commonwealth asserts that its appeal is permitted under the state and federal doctrines of double jeopardy because it is requesting a review of the trial court's alleged erroneous application of the law and not contesting the trial court's factual determinations. The Commonwealth contends that it may appeal pure questions of law and that a decision in its favor would not require further fact-finding proceedings. *Commonwealth v. Rawles*, 501 Pa. 514, 462 A.2d 619 (1983); *see also Commonwealth v. Goldhammer*, 512 Pa. 587, 517 A.2d 1280 (1986) (adverse rulings on pure questions of law are reviewable). *But see Borough of West Chester v. Lal*, 493 Pa. 387, 391 n. 4, 426 A.2d 603, 604 n. 4 (1981) (discussing what constitutes pure questions of law).

■■■ The Commonwealth fails to acknowledge that Springbrook was found not guilty of a criminal violation. The law is well settled in this area. A fact-finder's verdict of not guilty is accorded absolute finality. *Bullington v. Missouri*, 451 U.S. 430, 442, 101 S.Ct. 1852, 1860, 68 L.Ed.2d 270 (1981); *Burks v. United States*, 437 U.S. 1, 16, 98 S.Ct. 2141, 2149, 57 L.Ed.2d 1 (1978). It is completely insulated from appellate review. *Commonwealth v. Rawles*, 501 Pa. 514, 462 A.2d 619 (1983); *Commonwealth v. Maurizio*, 496 Pa. 584, 437 A.2d 1195 (1981). Appeals from not guilty verdicts entered in summary proceedings are likewise immune from challenge. *Borough of West Chester v. Lal*, 493 Pa. 387, 392, 426 A.2d 603, 605 (1981); *Commonwealth v. Ray*, 448 Pa. 307, 292 A.2d 410 (1972); *Commonwealth v. Thinnes*, 263 Pa.Super. 79, 397 A.2d 5 (1979).

In *Commonwealth v. Tillman*, 501 Pa. 395, 397–98, 461 A.2d 795, 796–97 (1983), the Pennsylvania Supreme Court stressed that the Commonwealth has no right of appeal from a not guilty verdict, even when the verdict is based on an erroneous foundation. *Tillman* involved a challenge to

the constitutionality of 75 Pa.C.S. § 4522. After a trial de novo, the appellees were found not guilty of violating certain motor carrier safety regulations. The Court of Common Pleas also held that § 4522 was unconstitutional. On appeal to the Pennsylvania Supreme Court, the Commonwealth argued that the constitutionality of § 4522 should be upheld. However, the Court declined to reach the merits of this claim. It stated:

> the verdicts of not guilty preclude our consideration of the Commonwealth's appeals. "Perhaps the most fundamental rule in the history of double jeopardy jurisprudence has been that '[a] verdict of acquittal ... could not be reviewed, on error or otherwise, without putting [a defendant] twice in jeopardy, and thereby violating the Constitution.' As the Supreme Court of the United States has recently observed, "the factfinder in a criminal case has traditionally been permitted to enter an unassailable but unreasonable verdict of 'not guilty.'" " '[W]e necessarily accord absolute finality to a jury's verdict of acquittal—*no matter how erroneous its decision....*' " Thus, where a defendant has been found not guilty at trial, he may not be retried on the same offense, "even if the legal rulings underlying the acquittal were erroneous." (citations omitted) (emphasis added).

*Id.,* 501 Pa. at 397–98, 461 A.2d at 796–97.

We note the importance of the *Tillman* decision. Therein, the Pennsylvania Supreme Court recognized that double jeopardy protections are implicated where a not guilty verdict has been entered. It is irrelevant whether the underlying offense is as consequential as murder or merely a violation of the Vehicle Code. The rule is the same and it applies consistently. *See Bullington v. Missouri,* 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981).

In *United States v. Sisson,* 399 U.S. 267, 90 S.Ct. 2117, 26 L.Ed.2d 608 (1970), the appellee, John Sisson, was found guilty of refusing to submit to military induction. After the jury verdict was returned, a Massachusetts district court granted Sisson's motion in arrest of judgment. It

held that a conviction would violate Sisson's First Amendment rights to free exercise and establishment of religion and his Fifth Amendment right to due process. The government appealed. The United States Supreme Court dismissed the appeal for lack of jurisdiction, holding that the District Court's decision was a directed acquittal, not an arrest of judgment. Therefore, Sisson's double jeopardy interests barred review of the government's claim. The Court stated:

> The same reason underlying our conclusion that this was not a decision arresting judgment ... convinces us that the decision was in fact an acquittal rendered by the trial court after the jury's verdict of guilty. For purposes of analysis it is helpful to compare this case to one in which a jury was instructed as follows: "If you find defendant Sisson to be sincere, and if you find that he was as genuinely and profoundly governed by conscience as a martyr obedient to an orthodox religion, you must acquit him because the government's interest in having him serve in Vietnam is outweighed by his interest in obeying the dictates of his conscience. On the other hand, if you do not so find, you must convict if you find that petitioner did wilfully refuse induction." If a jury had been so instructed, there can be no doubt that its verdict of acquittal could not be appealed under [the Criminal Appeals Act] *no matter how erroneous the constitutional theory underlying the instructions.* (emphasis in original).

*Id.* at 288–89, 90 S.Ct. at 2129.

*See also Sanabria v. United States,* 437 U.S. 54, 64 n. 18, 68–69, 98 S.Ct. 2170, 2179 n. 11, 2180–2181, 57 L.Ed.2d 43 (1978) (erroneous evidentiary ruling which resulted in an acquittal for insufficient evidence barred appellate review pursuant to the double jeopardy clause); *Fong Foo v. United States,* 369 U.S. 141, 143, 82 S.Ct. 671, 672, 7 L.Ed.2d 629 (1962) (double jeopardy protections extend to the situation where an acquittal is "based upon an egre-

giously erroneous foundation."). Clearly, acquittal verdicts are *final*.

In the instant appeal, the Commonwealth largely relies on cases holding that the Commonwealth may appeal orders arresting judgment. Here, however, the Commonwealth is appealing a not guilty verdict. The law does not countenance the same result.[4] The policies underlying the double jeopardy clauses of the state and federal constitutions specifically oppose appellate relief to the government following a "not guilty" verdict. *See United States v. Scott*, 437 U.S. 82, 91, 98 S.Ct. 2187, 2194, 57 L.Ed.2d 65 (1978) (permitting a second trial after an acquittal would subject the defendant to an "unacceptably high risk" that the government will wear him down and find him guilty, even though he is innocent);[5] *Green v. United States*, 355 U.S.

---

4. In *Commonwealth v. Fitzhugh*, 360 Pa.Super. 217, 520 A.2d 424 (1987), we stated that "whether the trial is to a jury or to the bench, subjecting the defendant to post-acquittal fact-finding proceedings going to guilt or innocence violates the Double Jeopardy Clause." *Id.*, 360 Pa.Superior Ct. at 224, 520 A.2d at 427, *citing Smalis v. Pennsylvania*, 476 U.S. 140, 145, 106 S.Ct. 1745, 1749, 90 L.Ed.2d 116 (1986); *Arizona v. Rumsey*, 467 U.S. 203, 211–12, 104 S.Ct. 2305, 2310–11, 81 L.Ed.2d 164 (1984). Noting this standard, we distinguished an arrest of judgment from an acquittal and held that

an arrest of judgment entered following a jury verdict of guilty does not become the functional equivalent of a verdict of acquittal until a final appellate decision upon the legal sufficiency of the evidence is made in the defendant's favor. A decision by an intermediate appellate court, including a trial judge entertaining post-verdict motions, does not terminate the initial jeopardy. Thus, the Commonwealth may properly appeal the order granting an arrest of judgment. (citations omitted).

*Id.*, 360 Pa.Super. at 226, 520 A.2d at 428.
*See also Commonwealth v. Shenkin*, 337 Pa.Super. 517, 487 A.2d 380 (1985).

5. The United States Supreme Court has emphasized that "what constitutes an 'acquittal' is not to be controlled by the form of the judge's action. Rather, we must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." (citations omitted). *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S.Ct. 1349, 1354, 51 L.Ed.2d 642 (1977).

Black's Law Dictionary defines the relevant terms as follows:
Arrest of judgment. The act of staying a judgment, or refusing to render judgment in an action at law and in criminal cases, after verdict, for some matter intrinsic appearing on the face of the

184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957) (accord); *see also Commonwealth v. Dincel*, 311 Pa.Super. 470, 457 A.2d 1278 (1983) (discussing double jeopardy guarantees).

To allow appellate review of the Commonwealth's claim would subject Springbrook to retrial. *See Tibbs v. Florida*, 457 U.S. 31, 41, 102 S.Ct. 2211, 2217, 72 L.Ed.2d 652 (1982) (adjudication of not guilty "absolutely shields the defendant from retrial"); *see also Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 308–09, 104 S.Ct. 1805, 1813–14, 80 L.Ed.2d 311 (1984) (when a defendant is adjudicated not guilty, the initial jeopardy terminates). We do not possess the authority to adjudicate Springbrook "guilty" after it has been found "not guilty" in a criminal proceeding. The Commonwealth should know that, in this situation, double jeopardy protections attach. *United States v. Wilson*, 420 U.S. 332, 336, 339, 343, 95 S.Ct. 1013, 1018, 1019, 1021, 43 L.Ed.2d 232 (1975). The Commonwealth has no right of appeal. *Commonwealth v. Jung*, 366 Pa.Super. 438, 531 A.2d 498 (1987); *Commonwealth v. Smalis*, 331 Pa.Super. 307, 480 A.2d 1046, *cert. granted*, 474 U.S. 944, 106 S.Ct. 307, 88 L.Ed.2d 285 *rev'd*, 476 U.S. 140, 106 S.Ct. 1745, 90 L.Ed.2d 116 *on remand*, 511 Pa. 229, 512 A.2d 634 (1986).[6]

record, which would render the judgment, if given, erroneous or reversible. The court on motion of a defendant shall arrest judgment if the indictment or information does not charge an offense or if the court was without jurisdiction of the offense charged.
BLACK'S LAW DICTIONARY 101 (5th ed. 1979).

Verdict. The formal decision or finding made by a jury, impaneled and sworn for the trial of a cause, and reported to the court (and accepted by it), upon the matters or questions duly submitted to them upon the trial. The definitive answer given by the jury to the court concerning the matters of fact committed to the jury for their deliberation and determination.
*Id.* at 1398.

Not guilty. The form of the verdict in criminal cases, where the jury acquits the defendant; *i.e.* finds him "not guilty".
*Id.* at 957.

**6.** In *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 306–07, 104 S.Ct. 1805, 1812, 80 L.Ed.2d 311 (1984), the United States Supreme Court stated that the purpose of the double jeopardy clause is to protect "against a second prosecution for the same offense after

Conversely, if judgment had been arrested, a favorable decision to the Commonwealth would result in the re-imposition of a verdict, as opposed to a new trial. *See Commonwealth v. Coleman,* 367 Pa.Super. 108, 532 A.2d 477 (1987) (explaining the effect of an arrest of judgment and why the Commonwealth may appeal from an order granting arrest of judgment). In this latter situation, no new fact-finding would be necessary. The effect of a reversal would merely be to reinstate the verdict. *United States v. Wilson,* 420 U.S. 332, 345, 95 S.Ct. 1013, 1022, 43 L.Ed.2d 232 (1975). Therefore, the appellee would not be placed in jeopardy twice.

In sum, the purpose of the double jeopardy clause is "to protect the integrity of a final judgment." *United States v. Scott,* 437 U.S. at 92, 98 S.Ct. at 2194. *See also Crist v. Bretz,* 437 U.S. 28, 33, 98 S.Ct. 2156, 2159, 57 L.Ed.2d 24 (1978); *Sanabria v. United States,* 437 U.S. 54, 64, 98 S.Ct. 2170, 2178, 57 L.Ed.2d 43 (1978) (a verdict of acquittal may not be reviewed without violating the defendant's constitutional rights). The instant appeal clearly contravenes this principle. Accordingly, review of the Commonwealth's claim is precluded.

■ In identifying a frivolous appeal, we must determine whether appellant's arguments will likely succeed and whether continuation of the contest is reasonable. *In re Appeal of Affected and Aggrieved Residents,* 325 Pa.Super. 8, 15, 472 A.2d 619, 623 (1984); *see also Balthazar v. Commonwealth, Dep't of Transp., Bureau of Driver Licensing,* 123 Pa.Commw. 435, 439, 553 A.2d 1053, 1055 (1989). The Commonwealth should not have filed an appeal in this case. It ignored well settled precedent and had no likelihood of success. The instant prosecution was patently frivolous and should have ended following Springbrook's not guilty verdict. Therefore, we find that an award of

acquittal, against a second prosecution for the same offense after conviction and against multiple punishments for the same offense." *See also Illinois v. Vitale,* 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980).

attorney's fees to Springbrook is justified. Pa.R.A.P. 2744;[7] *see also Smith v. Commonwealth, Pa. Bd. of Probation and Parole,* 117 Pa.Commw. 220, 543 A.2d 221 (1988) and *Smith v. Commonwealth, Pa. Bd. of Probation and Parole,* 114 Pa.Commw. 544, 539 A.2d 55 (1988) (sanctioning frivolous appeals is within the appellate court's discretion).

Accordingly, the Commonwealth's appeal is quashed and the case is remanded to the trial court for a determination of reasonable counsel fees. Jurisdiction is relinquished.

---

7. Pa.R.A.P. 2744 provides:
    In addition to other costs allowable by general rule or Act of Assembly, an appellate court may award as further costs damages as may be just, including
    (1) a reasonable counsel fee and
    (2) damages for delay at the rate of 6% per annum in addition to legal interest,
    if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious. The appellate court may remand the case to the trial court to determine the amount of damages authorized by this rule.