655 A.2d 592

COMMONWEALTH of Pennsylvania,

v.

Quentin C. WALCZAK, Appellant,

COMMONWEALTH of Pennsylvania,

v.

Quentin C. WALCZAK, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 31, 1994.

Filed March 14, 1995.

Joseph A. Dente, Wilkes–Barre, for appellant.

Jeffrey B. Snyder, Dist. Atty., Montrose, for Com., appellee.

Before DEL SOLE, KELLY and HOFFMAN, JJ.

KELLY, Judge:

In this appeal, we are called upon to determine whether the Common Pleas Court correctly ruled that appellant's prior acquittal of the offenses of speeding [1] and passing in a no-passing zone [2] by a district justice were nullities where the district justice elicited evidence from appellant but conducted the hearing in the absence of the state trooper who issued the summary traffic citations. We hold that appellant's subsequent retrial by the Common Pleas Court for the same traffic offenses violated appellant's double jeopardy rights. Hence, we reverse judgment of sentence and direct that appellant be absolutely discharged.

The relevant facts and procedural history of this case are as follows. On December 26, 1990, appellant was cited by State Trooper Barry L. Stankus for alleged violations of Sections

1. 75 Pa.C.S.A. § 3307(b).
2. 75 Pa.C.S.A. § 3362(a)(2).

3307(b) and 3362(a)(2) of the Pennsylvania Motor Vehicle Code pertaining to no-passing zones and speeding. Appellant entered a plea of not guilty to these charges and a hearing was scheduled on January 22, 1991 at 9:30 a.m. before District Justice Watson J. Dayton. On January 7, 1991, a notice of the trial date was sent to both Trooper Stankus and appellant.

At 9:30 a.m., on January 22, 1991, appellant presented himself without counsel before District Justice Dayton. Shortly before appellant's appearance, at 9:15 a.m., District Justice Dayton received a telephone call from Pennsylvania State Police Sergeant Joseph Fawcett indicating that Trooper Stankus was on a call and would not be able to be at the District Justice Dayton's courtroom at 9:30 a.m., but he did not think that Trooper Stankus would be too long with whatever he was doing. District Justice Dayton then asked appellant whether he wanted a continuance or whether he was willing to wait for Trooper Stankus. Appellant requested that District Justice Dayton dismiss the case. District Justice Dayton informed appellant that he would not dismiss the case and that appellant's only two choices were to either wait for Trooper Stankus or accept a continuance. Appellant elected to wait for Trooper Stankus.[3]

District Justice Dayton then asked Sergeant Fawcett to call him as soon as Trooper Stankus was available. At 10:00 a.m., while appellant was waiting in the hall, District Justice Dayton called Sergeant Fawcett to check on Trooper Stankus' status. Sergeant Fawcett informed District Justice Dayton that Trooper Stankus had not yet returned. District Justice Dayton then asked Sergeant Fawcett to call him back because appellant was sitting in the hall waiting for his hearing. During the next hour, District Justice Dayton did not receive a call from Sergeant Fawcett. At approximately 11:00 a.m., District Justice Dayton once again called Sergeant Fawcett and was informed that Trooper Stankus had finished with the incident and would arrive at his courtroom at 11:25 a.m.

---

**3.** During this time period, Trooper Joe Scochin was present in District Justice Dayton's courtroom handling another traffic citation for Trooper McGladrie, who was unable to attend court that day.

At 11:25 a.m., when Trooper Stankus did not appear at the courtroom, District Justice Dayton called the case for trial. District Justice Dayton informed appellant that he was going to accept the officially filed traffic citations as proof that he had been charged with speeding and passing in a no-passing zone and that if Trooper Stankus appeared during the trial, he would be permitted to testify. Appellant then testified as to his version of the events that transpired on December 26, 1990 and offered one exhibit in support of his testimony. At the conclusion of appellant's case, District Justice Dayton found him not guilty based upon the evidence. District Justice Dayton then circled the not guilty adjudication space on each citation and signed them.[4]

On February 7, 1991, the Commonwealth filed an appeal to Common Pleas Court from District Justice Dayton's acquittal of appellant. On April 16, 1991, appellant filed a motion to quash the Commonwealth's appeal to the Common Pleas Court and President Judge Kenneth W. Seamans issued a rule on the Commonwealth to show cause why the motion should not be granted. On April 25, 1991, President Judge Seamans denied appellant's motion to quash the Commonwealth's appeal, ruling that because District Justice Dayton did not hear the Commonwealth's evidence before the defendant's testimony, he was without jurisdiction to acquit appellant of the two summary offenses. President Judge Seamans then directed the case be continued until 10:00 a.m. on June 27, 1991.

On May 16, 1991, appellant filed an appeal to this Court from President Judge Seamans' order denying his motion to quash the Commonwealth's appeal. President Judge Seamans subsequently directed appellant to file a concise statement of matters complained upon appeal pursuant to Pa.R.A.P. 1925(b). Additionally, President Judge Seamans issued an order setting a hearing pursuant to Pa.R.A.P. 1701(b)(4) for the purpose of preserving testimony. Appellant filed his concise statement of matters complained of on appeal on June

---

4. We note that despite Sergeant Fawcett's assurance that he was on his way, Trooper Stankus never arrived at District Justice Dayton's office on January 22, 1991.

7, 1991. On June 10, 1991, a hearing was held before President Judge Seamans. At this hearing, District Justice Dayton testified for the purposes of making a record for this Court that all parties had received notice for the January 22, 1991 hearing at his district justice office. District Justice Dayton also testified that he had convened a proper trial, received evidence and acquitted appellant based upon that evidence. President Judge Seamans then issued an order staying all action in appellant's case pending the outcome of his appeal. On May 27, 1992, this Court quashed appellant's appeal. *See Commonwealth v. Walczak*, 421 Pa.Super. 652, 613 A.2d 31 (1992).

On March 17, 1993, the trial court conducted a bench trial. At this trial, appellant renewed his motion to quash the Commonwealth's appeal based on his contention that jeopardy attached in the proceeding before District Justice Dayton on January 22, 1991 in which he was acquitted; thus Commonwealth's appeal from the verdict violated the constitutional prohibition against double jeopardy. President Judge Seamans denied appellant's motion, but directed that District Justice Dayton's prior testimony be made part of the record.

The trial then commenced. The Commonwealth presented the testimony of Trooper Stankus. Appellant did not testify in this proceeding. The trial court then found appellant guilty of both summary charges. Post-verdict motions for an arrest of judgment or a new trial were argued and denied. Appellant then filed an appeal to this Court which was subsequently quashed by this Court as interlocutory and the case was remanded to the trial court because judgment of sentence had not yet been imposed at the time the appellant's appeal was filed. *See Commonwealth v. Walczak*, 435 Pa.Super. 628, 644 A.2d 810 (1994). Upon remand, the trial court sentenced appellant to pay a fine of $66.50 for the passing in a no-passing zone conviction and a fine of $121.50 for the speeding conviction. This timely appeal followed.

On appeal, appellant raises the following issues for our review:

1. WHETHER THE COMMONWEALTH OF PENN-SYLVANIA HAS THE RIGHT TO APPEAL AN AD-VERSE SUMMARY DECISION MADE BY A DIS-TRICT JUSTICE CONCERNING VIOLATIONS OF THE PENNSYLVANIA VEHICLE CODE, 75 Pa. C.S.A. § 101, ET SEQ.?

2. WHETHER THE RETRIAL, CONVICTION AND SENTENCING OF APPELLANT VIOLATED HIS RIGHTS AGAINST DOUBLE JEOPARDY AS CON-TAINED IN THE UNITED STATES AND PENN-SYLVANIA CONSTITUTIONS?

3. WHETHER THE COMMONWEALTH'S APPEAL OF THE NOT GUILTY VERDICT ENTERED BY MAGISTRATE DAYTON WAS FRIVOLOUS, THEREBY ENTITLING APPELLANT TO AN AWARD OF ATTORNEYS' FEES PURSUANT TO RULE 2744 OF THE PENNSYLVANIA RULES OF APPELLATE PROCEDURE, Pa.R.A.P., RULE 2744, 42 Pa.C.S.A.?

(Appellant's Brief at 3).

In his first two issues on appeal, appellant contends that the Commonwealth is barred by the principle of double jeopardy from appealing a verdict of not guilty rendered in a properly convened summary trial before a district justice in which evidence was offered by the defendant. Appellant argues that as District Justice Dayton elicited evidence at the January 22, 1991 summary proceeding in which Trooper Stankus, despite notice, failed to appear and acquitted him on the basis of that evidence, the Commonwealth should have been barred from appealing his acquittal to the Common Pleas Court for a trial *de novo*. Thus, appellant asserts that the trial court committed error by denying his motion to quash the Commonwealth's appeal based upon its ruling that the January 21, 1991 proceeding before District Justice Dayton was a nullity due to the failure of the Commonwealth's witness, Trooper Stankus, to appear at this proceeding. There-fore, appellant maintains that the trial court's verdict of guilt concerning the two summary violations must be reversed and

District Justice Dayton's verdicts of not guilty must be reinstated. We agree.

"It has long been well-settled that the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution prevents the prosecution from appealing a verdict of acquittal." *Commonwealth v. Maurizio,* 496 Pa. 584, 586, 437 A.2d 1195, 1195–96 (1981). " 'The [prosecution] may not appeal from a verdict of 'not guilty' entered by the trial court in a criminal prosecution and this is so whether the prosecution be by indictment or by summary proceeding.' " *Borough of West Chester v. Lal,* 493 Pa. 387, 392, 426 A.2d 603, 605 (1981) (quoting *Commonwealth v. Ray,* 448 Pa. 307, 311, 292 A.2d 410, 413 (1972). " '[T]he fact finder in a criminal case has been traditionally permitted to enter an unassailable but unreasonable verdict of "not guilty".' " *Commonwealth v. Tillman,* 501 Pa. 395, 397, 461 A.2d 795, 796 (1983) (quoting *Jackson v. Virginia,* 443 U.S. 307, 317 n. 10, 99 S.Ct. 2781, 2788 n. 10, 61 L.Ed.2d 560, 572 n. 10 (1979)). "This rule is such a fundamental precept of double jeopardy jurisprudence that it has been explicitly extended to situations where an acquittal is based upon an "egregiously erroneous foundation." *Borough of West Chester v. Lal, supra* 493 Pa. at 392, 426 A.2d at 605 (quoting *Sanabria v. United States,* 437 U.S. 54, 64, 98 S.Ct. 2170, 2178, 57 L.Ed.2d 43, 54 (1978). *See also Fong Foo v. United States,* 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962); *Commonwealth v. Tillman, supra.* As such, "[a] factfinder's verdict of not guilty is accorded absolute finality. It is completely insulated from appellate review." *Commonwealth, Department of Transportation v. Springbrook Transport, Inc.,* 390 Pa.Super. 308, 311, 568 A.2d 667, 669 (1990) (citations omitted).

Instantly, the trial court held that the proceeding before District Justice Dayton was a nullity because the Commonwealth's witness failed to appear. The trial court stated that while Pennsylvania Rule of Criminal Procedure 84(a) specifically provides that "[i]f the defendant fails to appear for trial in a summary case, the trial may be conducted in the defen-

dant's absence," no like rule exists providing for trial in the absence of the Commonwealth's witness. We disagree.

Pa.R.Crim.P. 83(b) states: "... in all summary cases arising under the Motor Vehicle Code or local traffic ordinances, the law enforcement officer observing the defendant's alleged offense may, but shall not be required to, appear and testify against the defendant. In no event shall the failure of the law enforcement officer to appear, by itself, be a basis for dismissal of the charges against defendant." Thus, Trooper Stankus was not required by law to be present at the proceeding before District Justice Dayton.

■ Although the proceeding which took place before District Justice Dayton was of an unorthodox nature due to Trooper Stankus' failure to appear, it was not a nullity. It is a well settled proposition of law that jeopardy attaches in a non-jury trial when the court begins to hear evidence. *Commonwealth v. Klobuchir*, 486 Pa. 241, 405 A.2d 881 (1979), *cert. denied*, 445 U.S. 952, 100 S.Ct. 1602, 63 L.Ed.2d 787 (1980), *reh. denied*, 446 U.S. 947, 100 S.Ct. 2178, 64 L.Ed.2d 804 (1980); *Commonwealth v. Lyons*, 395 Pa.Super. 184, 576 A.2d 1105 (1990); *Commonwealth v. Arelt*, 308 Pa.Super. 236, 454 A.2d 108 (1982). Thus, where a defendant has been found not guilty at trial, he may not be retried on the same offense. *Commonwealth v. Tillman, supra* at 398, 461 A.2d at 796–97.

On January 22, 1991, after waiting nearly two hours for Trooper Stankus to appear, District Justice Dayton commenced trial. In this proceeding, District Justice Dayton utilized the traffic citations contained in his files as proof of the allegations against appellant. District Justice Dayton then permitted appellant to testify concerning his version of the events that transpired on December 26, 1990. Based upon this evidence which District Justice Dayton found to be credible, appellant was acquitted of both summary citations. Accordingly, because appellant was acquitted by District Justice Dayton based upon the evidence he submitted, the Commonwealth was barred from filing an appeal for a trial *de novo*. The fact that Trooper Stankus failed to appear did not render

this proceeding a nullity, as his attendance was not required.[5] *See* Pa.R.Crim.P. 83(b); *Commonwealth v. Mihaltian*, 41 Pa.D. & C.3d 270, 271 (1986). Therefore, the subsequently held trial *de novo* should not have occurred and the adjudications of guilt rendered in this proceeding are nullities. Thus, we reverse these judgments of sentence and direct that the verdicts of not guilty handed down by District Justice Dayton in the January 22, 1991 proceeding be reinstated.

■ In his final issue on appeal, appellant seeks to be awarded attorney's fees and costs pursuant to Pa.R.A.P. 2744 based upon his contention that the Commonwealth's original appeal from the January 22, 1991 adjudication in appellant's favor was frivolous and vexatious. Appellant contends that the Commonwealth should not have appealed the January 22, 1991 adjudications because its appeal ignored well-settled precedent and had no likelihood of success.

■ An appeal is "frivolous" for purposes of rule permitting the award of attorney's fees on appeal where it lacks any basis in law or fact; simply because an appeal lacks merit does not make it frivolous. *Marino by Marino v. Marino*, 411 Pa.Super. 424, 443, 601 A.2d 1240, 1250 (1992); *Murphy v. Murphy*, 410 Pa.Super. 146, 159–60, 599 A.2d 647, 654 (1991), *alloc. denied*, 530 Pa. 633, 606 A.2d 902 (1992). In identifying a frivolous appeal, we must determine whether appellant's arguments will likely succeed and whether continuation of the contest is reasonable. *Commonwealth, Department of Transportation v. Springbrook Transport, Inc., supra*, 390 Pa.Super. at 316, 568 A.2d at 671; *In re Appeal of Affected and Aggrieved Residents*, 325 Pa.Super. 8, 15, 472 A.2d 619, 623 (1984).

Instantly, we cannot hold that the Commonwealth's appeal of the January 22, 1991 adjudications of not guilty for both summary citations lacked any basis in either fact or law. Firstly, we were unable to find in our research any appellate

5. We note that in an appeal from a summary proceeding arising under the Motor Vehicle Code, the law enforcement officer who observed the violation is required to appear and testify. *See* Pa.R.Crim.P. 86(f).

decisions which specifically approved the procedure employed by District Justice Dayton of allowing the trial to proceed in the absence of the Commonwealth's witness when the Commonwealth's witness had indicated his willingness to appear. Secondly, there are three Common Pleas Court decisions, one of which was written by our own President Judge Rowley while he was a member of the Beaver County Court of Pleas, in which the Common Pleas Courts have held that when a police officer fails to appear for a summary proceeding, the proper remedy is the dismissal of the citations. *See Commonwealth v. Albright,* 12 Pa. D & C 4th 326 (1990); *Commonwealth v. Fiorini,* 75 Pa. D & C 2d 9 (1975); *Commonwealth v. Doe,* 72 Pa. D & C 2d 570 (1975). Finally, in *Commonwealth v. Fiorini, supra,* Judge Rowley specifically permitted an "appeal" by the Commonwealth in a situation where the defendant was acquitted by a district justice in a proceeding in which the State Trooper failed to appear and remanded the case to the district justice for a rehearing. Accordingly, we cannot conclude that the Commonwealth's appeal for a trial *de novo* lacked any basis in fact or law and that its continuation of the contest was unreasonable under these circumstances. Thus, appellant is not entitled to recover attorney's fees and costs.

Based upon the foregoing, the judgments of sentence imposed upon appellant for the summary convictions of speeding and passing in a no-passing zone are reversed. The adjudications of not guilty entered as a result of the proceedings which took place before District Justice Dayton on January 22, 1991 are reinstated and appellant is absolutely discharged.

Judgment of sentence reversed; appellant is absolutely discharged.