Terpsi Printzas, D. D. DeRado and Lale DeRado, His Wife, Harry W. Haley and Edna Haley, His Wife, Joseph A. Bruni and Josephine Bruni, His Wife, Appellants, *v.* Borough of Norristown, Appellee, and Downtown Norristown, Inc., Intervening Appellee.

Argued October 2, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

488

*E. William Heuser*, with him *Leonard J. D. Myers*, for appellants.

*Paul C. Vangrossi*, with him *Vangrossi & Recchuiti*, for appellee.

OPINION BY JUDGE WILKINSON, November 5, 1973:

This is an appeal from the December 14, 1972 order of the lower court requiring appellants to post a bond in the amount of one hundred thousand dollars ($100,-000) to serve as security for any losses incurred by the appellee because of the appeal of the Zoning Hearing Board's decision granting appellee a special exception. The bond was not filed and appellants filed this appeal to this Court on January 12, 1973.

On January 31, 1973, appellee filed a petition with the court below to specially list the case for argument on appellants' appeal from the Zoning Hearing Board. The appeal was heard on its merits on February 26, 1973, and an order was entered on June 4, 1973, dismissing the appeal on the merits. Appellants appealed that order to this Court in No. 871 Commonwealth Docket, 1973. On appellants' petition, the appeals were consolidated and argued together.

Appellants raised two fundamental questions. First, does the court order requiring the bond violate appel-

lants' rights under the First and Fourteenth Amendments to the Federal Constitution? Second, did the appellee waive the requirement of the filing of a bond when it petitioned the court on January 31, 1973, after the court had filed its order requiring the filing of the bond, to hear the appeal on the merits?

Inasmuch as this Court granted appellants' petition to consolidate the cases and on a petition filed on even date herewith affirms the order of the court below dismissing the appeal on the merits, the questions of the propriety or impropriety of requiring a bond in this case and in this amount and whether the requirement of the bond was waived, are moot.

Accordingly, this appeal is dismissed as moot.