C.A.N.D.L.E., et al., Appellants *v.* Board of Commissioners of Fayette County and Commercial Stone Co., Inc., Appellees.

C.A.N.D.L.E., et al., Appellants *v.* Board of Commissioners of Fayette County and Commercial Stone Co., Inc., Appellees.

Argued October 7, 1985, before Judges Doyle and Colins, and Senior Judge Blatt, sitting as a panel of three.

*Gary Robert Fine, McBride, Wiker and Fine,* for appellants.

*Philip T. Warman,* for appellee, Board of Commissioners of Fayette County.

*William M. Radcliffe,* with him, *Charles O. Zebley, Jr., Coldren, DeHaas & Radcliffe,* for appellee, Commercial Stone Co., Inc.

OPINION BY JUDGE COLINS, December 18, 1985:

On April 5, 1984, the Board of Commissioners of Fayette County (Commissioners) passed an ordinance rezoning a total of approximately two hundred and fifty acres in order to permit Commercial Stone Co., Inc. (appellee) to conduct mineral extraction and quarrying on the site. C.A.N.D.L.E.[1] (appellant), an unincorporated association, opposed the ordinance before the Commissioners. Failing in its attempt to prevent rezoning, appellant appealed the rezoning ordinance to the Court of Common Pleas of Fayette County, which had jurisdiction under the Pennsylvania Municipalities Planning Code (MPC).[2] On August 16, 1984, the Court of Common Pleas dismissed the appeal and affirmed the action of the Commissioners. An appeal to this Court followed.

During the pendency of the instant appeal, the appellee petitioned the Court of Common Pleas to order the appellants to post bond in order to protect appellee's interests.[3] A hearing was held by the Court of

---

[1] C.A.N.D.L.E., apparently an acronym, is comprised of neighboring landowners and other concerned citizens.

[2] Section 1003 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11003.

[3] Bond was ordered posted in the amount of $275,260.00. The trial court determined that the landowner was suffering pecuniary

Common Pleas, and on May 23, 1985, the petition was granted and bond ordered posted. The appellant appealed the order to post bond to this Court, and further requested a stay of the bond order until the appeal on the case in chief was decided. On July 25, 1985, this Court denied the application to stay the bond order; therefore, the original bond order is in effect and an appeal from such is before this Court as well as the appeal from passage of the rezoning ordinance.

Appellant did not post a bond following the denial of the stay, and appellee filed a Motion to Quash based on appellant's failure to post bond. On August 30, 1985, this Court ordered appellant's two appeals consolidated, and the Motion to Quash was deferred. Thus, the Court presently has before it three separate issues to address: (1) what should be the result of appellant's failure to post bond; (2) whether the bond order was properly issued; and (3) whether the trial court was correct in affirming the rezoning ordinance of the Board.

An appellant's failure to post bond may make a merits appeal subject to summary dismissal. *See Langmaid Lane Homeowners Association Appeal*, 77 Pa. Commonwealth Ct. 53, 465 A.2d 72 (1983). However, if the merits appeal is dismissed, summarily or otherwise, a bond order appeal paired with it could be dismissed as moot. *Printzas v. Borough of Norristown*, 10 Pa. Commonwealth Ct. 487, 313 A.2d 784 (1973). This result is quite possible (and indeed proper) even if the bond order is invalid; however, it is certainly more equitable to review the bond order.

loss as a result of the delay caused by appellant's appeal, and computed such loss as the loss of annual sales income plus the amount of interest that could have been earned on money expended for equipment, and plant and accessory equipment, which now are lying idle, as well as administrative costs.

Such review would give the landowner the benefit of the bond order, if valid, with respect to any further proceedings which could ensue, and, if invalid, would permit a review of the merits appeal on behalf of the appellant. We shall adopt the latter approach, therefore reviewing the bond appeal first, the Motion to Quash second, and tertiarily the merits appeal.

The right to request a bond is a statutory one, provided by the MPC, which states:

> If the appellants are persons who are seeking to prevent a use or development of the land of another . . . the landowner whose use or development is in question may petition the court to order the appellants to post bond as a condition to proceeding with the appeal. After the petition is presented, the court shall hold a hearing to determine if the filing of the appeal is frivolous and is for the purpose of delay. At the hearing evidence may be presented on the merits of the case. After consideration of all evidence presented, if the court determines that the appeal is frivolous and is for the purpose of delay it should grant the petition. The right to petition the court to order the appellants to post bond may be waived by the appellee but such waiver may be revoked by him if an appeal is taken from a final decision of the court. The question of the amount of the bond shall be within the sound discretion of the court.[4]

The appellee petitioned the Common Pleas Court for the bond order, although the appellant's appeal was already before this Court. The Pennsylvania Rules of Appellate Procedure provide for a divestiture of trial court jurisdiction by an appeal. "Except as

---

[4] Section 1008(4) of the Pennsylvania Municipalities Planning Code, 53 P.S. §11008(4).

otherwise prescribed by these rules, after an appeal is taken . . . the trial court . . . may no longer proceed further in the matter."[5] However, Section 1008(4) of the MPC, quoted above, is an exception to this rule, in that it clearly indicates that the trial court retains sufficient jurisdiction to enter a bond order, even after an appeal has been filed, once a waiver of the right to petition for a bond order has been revoked. *Collis v. Zoning Hearing Board of the City of Wilkes-Barre*, 77 Pa. Commonwealth Ct. 4, 465 A.2d 53 (1983). In response to appellant's argument that there was never a waiver, and that no revocation could therefore occur, this Court notes that our Supreme Court has held that one may be deemed to have waived statutorily guaranteed rights by inaction. *Cheltenham Township Appeal*, 413 Pa. 379, 387, 196 A.2d 363, 367 (1964). The inaction of appellee in pursuing its bond rights constituted a waiver, and its later pursuit of a bond was, therefore, a revocation of such waiver as provided by Section 1008(4) of the MPC.

Jurisdiction having been determined to be properly in the trial court, the trial court had to determine whether the merits appeal was frivolous and for the purpose of delay. The trial court found that it was. Our review of this action by the Court of Common Pleas is limited to a determination of whether the Court abused its discretion. *Leonard v. Zoning Hearing Board of Cheltenham Township*, 72 Pa. Commonwealth Ct. 237, 457 A.2d 132 (1983).

The appellant contends that the trial court abused its discretion by not holding a hearing on the issues of whether the appellant's merit appeal was frivolous and was for the purpose of delay. To be sure, Section 1008(4) of the MPC does in fact state that the Court *shall* hold a hearing on the aforementioned issues. The

[5] Pa. R.A.P. 1701.

ordinary usage of the word "shall" is as a command or a compulsion with the force of "must", and while not always rendering a statute mandatory, is generally regarded as imperative. *Appeal of Connors,* 71 Pa. Commonwealth Ct. 213, 454 A.2d 233 (1983). However, when construing the intent of statutes, or sections thereof, construction should give effect to all of the provisions. *Crossley Appeal,* 60 Pa. Commonwealth Ct. 351, 432 A.2d 263 (1981); Statutory Construction Act of 1972, 1 Pa. C. S. §1921(a). When all of the provisions of Section 1008(4) of the MPC are considered as a whole, it becomes clear that a hearing on the issues of frivolousness and delay is not necessarily mandated.

The language quite clearly contemplates the more usual procedural posture of a landowner petitioning a common pleas court for a bond while the merits appeal is pending before the Court of Common Pleas. The language of Section 1008(4) of the MPC indicates, by the specific language "[a]t the hearing evidence may be presented on the merits of the case," that a hearing would be necessary because the court would be unfamiliar with the case. If the court already was familiar with the case, it would scarcely need to hear evidence on the merits. In this case, the court had already heard the merits and was familiar with the case. To require a further hearing would be unnecessary when the court has the ability to issue a decision based on its understanding of the merits. Having already decided that the appellant's position was without merit, the court could decide, without further hearing, that further appeals were frivolous and for the purpose of delay. Therefore, the Court of Common Pleas did not abuse its discretion, and the bond order must stand as valid.

Having determined that the bond order is valid, this Court could quash the merits appeal, and appellee

has properly made a motion to quash based on appellant's failure to post bond. *See Langmaid Lane Homeowners Association Appeal*, 77 Pa. Commonwealth Ct. 53, 465 A.2d 72 (1983). In the instant matter, we feel that it would be within the best interest of all parties to consider the merits of the appeal. Pa. R.A.P. 1972. We choose to exercise our discretion in the instant matter and will consider the merits of the appeal.

Appellant contends that the Commissioners failed to follow the procedure for passing a zoning ordinance mandated by Section 509 of the Fourth Class County Code (Code).[6] In the instant factual milieu such contention necessarily implies that the MPC is not the exclusive source of the appropriate procedures for changing zoning.

We first must note that Section 509 of the Code has absolutely no relationship to the passage of zoning ordinances. Section 509 of the Code contains the proper procedures for passing an ordinance "prescribing the manner in which powers of the county shall be carried out and generally regulating the affairs of the county." The procedure for passage of a zoning ordinance was formerly contained in Section 2025 of the Code,[7] which was specifically repealed by Section 1201 (7) of the MPC.[8] There is no longer any procedure contained in the Code concerning passage of zoning ordinances. Therefore, the Commissioners obviously did not have to follow such.

As there is no provision made by the Code for zoning changes, the procedure outlined in the MPC must be followed. Any doubt concerning the preemptory

---

[6] Section 509 of The County Code, Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. §509.

[7] *Formerly* 16 P.S. §2025, repealed by the Act of July 31, 1968, P.L. 805.

[8] 53 P.S. §11201(7).

scope of the MPC concerning zoning must be allayed by the Supreme Court's holding in *Gary D. Reihart, Inc. v. Township of Carroll,* 487 Pa. 461, 409 A.2d 1167 (1979). The Court therein stated: "an appeal from a municipality's decision concerning subdivision, or any other subject matter covered by the Municipalities Planning Code, lies only as provided in the Municipalities Planning Code." *Id.* at 464, 409 A.2d at 1169. *See also Roth v. Zoning Hearing Board of Springfield Township,* 91 Pa. Commonwealth Ct. 445, 497 A.2d 295 (1985). Having determined that the applicable procedures for passage of a zoning ordinance are those found in the MPC, it only remains to examine the procedures used by the Commissioners, and determine if they are in compliance.

The first necessary requirement in enacting a zoning ordinance is a public meeting pursuant to public notice.[9] A public meeting was indeed held; in fact, the record indicates that the meeting room was filled to capacity. Public notice is defined as:

> [N]otice published once each week for two successive weeks in a newspaper of general circulation in the municipality. Such notice shall state the time and place of the hearing and the particular nature of the matter to be considered at the hearing. The first publication shall be not more than thirty days or less than fourteen days from the date of the hearing.[10]

The record clearly shows that the notice was advertised in a newspaper of general circulation in the municipality on February 16, 1984, and on February 23, 1984, and that the public hearing was then held on

---

[9] Section 608 of the Pennsylvania Municipalities Planning Code, 53 P.S. §10608.

[10] Section 107(18) of the Pennsylvania Municipalities Planning Code, 53 P.S. §10107(18).

March 8, 1984. A review of the advertisement shows that it complied with the time, place and nature of the matter to be considered requirements of the MPC.

The content of this public notice must contain either the full text of the proposed ordinance, or a brief summary setting forth the principal provisions in reasonable detail, and reference to a place within the municipality where the proposed ordinance may be examined.[11] Appellant contends that because of a failure to place a reference to where the proposed ordinance could be examined, the public notice was fatally flawed. After a careful examination of the record, this Court concludes that this omission was harmless error. A summary of the proposed ordinance was published, and the enacted ordinance was virtually identical to that published, the only difference being that less land was rezoned than set forth in the notice. Such change is largely inconsequential and is, therefore, not improper. *Northampton Residents Association v. Northampton Township Board of Supervisors,* 14 Pa. Commonwealth Ct. 515, 523, 322 A.2d 787, 792 (1974).

Therefore, appellant's position is without merit, and we affirm the dismissal by the trial court.

### ORDER

AND Now, December 18, 1985, the motion of appellee to quash the appeal from the order of the Court of Common Pleas of Fayette County, dated August 17, 1984, is denied. The orders of the Court of Common Pleas, dated August 17, 1984 and May 22, 1985, are affirmed.

---

[11] Section 610 of the Pennsylvania Municipalities Planning Code, 53 P.S. §10610.