at 302–03, with which I have material differences.

Finally, in light of the assertions in Mr. Chief Justice Castille's concurrence, some of which I have previously supported, I believe that a referral to our lawyer disciplinary apparatus is warranted. This would permit the named attorneys to respond, and it would provide a foundation for the imposition of any appropriate sanctions.

Mary Jo TAKACS, Appellant

v.

INDIAN LAKE BOROUGH, ZONING HEARING BOARD, St. Clair Resort Development, LLC. and Indian Lake Borough.

Mary Jo Takacs, Appellant

v.

Indian Lake Borough Zoning Hearing Board, St. Clair Resort Development, LLC. and Indian Lake Borough.

Commonwealth Court of Pennsylvania.

Argued Nov. 9, 2010.

Decided Jan. 5, 2011.

Reargument Denied March 10, 2011.

Robert P. Ging, Jr., Confluence, for appellant.

Richard T. Williams, Sr., Johnstown, for appellee Indian Lake Borough Zoning Hearing Board.

Timothy C. Leventry and Brian P. Litzinger, Johnstown, for appellee St. Clair Resort Development, LLC.

Daniel W. Rullo, Somerset, for appellee Indian Lake Borough.

BEFORE: COHN JUBELIRER, Judge, and BROBSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Mary Jo Takacs (Takacs) appeals from two orders of the Court of Common Pleas of Somerset County (trial court). The De-

cember 11, 2009, order of the trial court, which is the subject of the appeal at 2616 C.D. 2009, affirmed the decision of the Indian Lake Borough (Borough) Zoning Hearing Board (ZHB) to grant a building permit to St. Clair Resort Development, LLC (the Developer). The March 5, 2010, order of the trial court, which is the subject of the appeal at 365 C.D. 2010, ordered Takacs to post an appeal bond in the amount of $380,000.

The Developer has filed a motion to quash the appeal at 2616 C.D. 2009 because Takacs did not post the required appeal bond. The Developer has filed a motion to quash the appeal at 365 C.D. 2010, arguing that an appeal bond order is an interlocutory order by statute and, thus, is not subject to appeal. We deny the motion to quash the appeal at 365 C.D. 2010, but we affirm the trial court's order requiring Takacs to post an appeal bond. We then grant the Developer's motion to quash the appeal at 2616 C.D. 2009 for failure to post the appeal bond.

The Developer owns property in the Commercial–Recreational (C–R) Zoning District in the Borough. The Borough's zoning officer issued a building permit to the Developer to allow construction of a multi-family dwelling, a permitted use, on the property. Takacs, an adjoining property owner, filed an appeal with the ZHB, arguing, *inter alia,* that the proposed multi-family dwelling violates the setback requirements for the C–R District. (Appeal to ZHB, ¶ 12B, R.R. at 3a.) After a hearing, the ZHB found, based on the credible testimony of the zoning officer, that the multi-family dwelling meets the setback requirements. (ZHB's Findings of Fact,

Nos. 12(C), 14, R.R. at 212a–13a.) The ZHB also stated that: (1) because she did not raise an Article XII issue in her Appeal to the ZHB, Takacs waived that issue; (2) the ZHB lacked jurisdiction over the Article XII issue; and, (3) assuming the ZHB had jurisdiction, the proposed multi-family dwelling did not violate Article XII.[1] (ZHB's Findings of Fact, No. 18, R.R. at 213a–14a.) Thus, the ZHB denied the appeal. Takacs filed an appeal with the trial court, which affirmed.

Takacs then filed an appeal with this court at 2616 C.D. 2009, and the Developer filed a motion with the trial court to require Takacs to post an appeal bond. After argument on the matter, the trial court determined that Takacs' appeal was frivolous and ordered Takacs to file an appeal bond of $380,000 pursuant to section 1003–A of the Pennsylvania Municipalities Planning Code (MPC).[2] Takacs then filed an appeal with this court at 365 C.D. 2009, challenging the appeal bond order. The Developer subsequently filed his motions to quash the appeals.

## I. Motion to Quash 365 C.D. 2009

The Developer argues that this court should quash Takacs' appeal at 365 C.D. 2009, which challenges the appeal bond order, because section 1003–A(d) of the MPC states that an appeal bond order is an interlocutory order. We disagree.

For the most part, section 1003–A(d) of the MPC governs requests for an appeal bond upon the filing of a land use appeal with a court of common pleas, but it also suggests that an appeal bond may be imposed after disposition of the land use

---

1. Article XII of the zoning ordinance governs Planned Residential Communities. (Article XII, R.R. at 225a.) Section 1202 of Article XII indicates that the Borough Council holds hearings on, and either approves or rejects, proposed development plans. (R.R. at 227a.)

2. Act of July 31, 1968, P.L. 805, *as amended,* added by section 101 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11003–A.

appeal. *Rickert v. Latimore Township,* 960 A.2d 912, 922 n. 20 (Pa.Cmwlth.2008), *appeal denied,* 601 Pa. 705, 973 A.2d 1008 (2009). The provision provides, in pertinent part, as follows:

> If the appellants [before the court of common pleas] are persons who are seeking to prevent a use or development of the land of another ... the landowner whose use or development is in question may petition the court to order the appellants to post bond **as a condition to proceeding with the appeal.** After the petition for posting a bond is presented, the court shall hold a hearing to determine if the filing of the appeal is frivolous. At the hearing, evidence may be presented on the merits of the case. It shall be the burden of the landowners to prove the appeal is frivolous. After consideration of all evidence presented, if the court determines that the appeal is frivolous, it shall grant the petition for posting a bond. **The right to petition the court to order the appellants to post bond may be waived by the appellee, but such waiver may be revoked by him if an appeal is taken from a final decision of the court.** The question of the amount of the bond shall be within the sound discretion of the court.... **An order directing the respondent ... to post a bond shall be interlocutory.**

53 P.S. § 11003–A(d) (emphasis added).

■ In construing a statutory provision, we must construe words according to their common and approved usage; we must construe technical words according to their peculiar and appropriate meaning or definition. Section 1903(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903(a). By definition, an "interlocutory" order is an "interim or temporary" order that is issued before final resolution of the controversy. *Black's Law Dictionary* 889 (9th ed.2009).

■ Certainly, a common pleas court order directing the appellant in a land use appeal to post an appeal bond as a condition for proceeding with the appeal is an interlocutory order. At that point in the proceedings, the common pleas court has not disposed of the matter. However, where the appellee initially waived the right to petition for an appeal bond and revoked the waiver upon the filing of an appeal with this court, an appeal bond order is no longer an interim or temporary order. At that point, the common pleas court has disposed of the land use appeal, as well as the appeal bond petition. Because the General Assembly obviously knew the meaning of the word "interlocutory" when it enacted section 1003–A(d) of the MPC, we construe the provision to mean that an appeal bond order is interlocutory if it is issued as a condition for proceeding with the appeal before the common pleas court.

■ As for the appeal bond order here, which was issued after the trial court disposed of the land use appeal, we consider such to be an order ancillary to the building permit appeal at 2616 C.D. 2010. *See* Pa. R.A.P. 1701(b)(1) (stating that, after an appeal is taken, a trial court may take other action ancillary to the appeal). Because the ancillary order disposes of the appeal bond matter, it is a final order, and Takacs may take an appeal from any final order as of right. Pa. R.A.P. 341.

Accordingly, we deny the Developer's motion to quash the appeal at 365 C.D. 2010.

## II. 365 C.D. 2010

■ Takacs argues that the trial court erred in imposing a $380,000 appeal bond without holding a hearing and in conclud-

ing that Takacs' appeal was frivolous.[3] We disagree.

## A. Hearing

We first address whether the trial court erred in imposing a $380,000 appeal bond without a hearing.

■ In *C.A.N.D.L.E. v. Board of Commissioners*, 93 Pa.Cmwlth. 547, 502 A.2d 742, 744 (1985), this court held that the predecessor to section 1003–A(d), which contained nearly identical language,[4] authorized a common pleas court to impose an appeal bond upon the taking of an appeal to this court. This court also held that, in determining whether an appeal is frivolous, the trial court need not hold a hearing if the trial court is familiar with the merits of the case. *Id.* Here, the trial court had already disposed of the land use appeal and, thus, was familiar with the merits of this case. Therefore, it was not necessary for the trial court to hold a hearing to determine whether the appeal was frivolous.

Takacs maintains that, nevertheless, the trial court needed to hold an evidentiary hearing to determine the amount of the appeal bond. Takacs asserts that the trial court did not base the $380,000 appeal bond amount on evidence but, rather, on a statement of counsel during argument.[5] We disagree.

First, section 1003–A(d) of the MPC does not require a hearing on the amount of the appeal bond; the provision states only that the amount of the appeal bond is within the sound discretion of the court. 53 P.S. § 11003–A(d). Second, following argument on the appeal bond issue, the trial court explained why there would be no evidentiary hearing.

> From the standpoint of damages, I could possibly conduct an Evidentiary Hearing. **I am obviously aware of the development based on all of the testimony that has been before the Court previously in the various appeals that have come here from the Zoning Hearing Board and otherwise.**
>
> I think it was an understanding that there was a $380,000 contract that was in dispute because of the ongoing delay in getting final resolution of this case.

---

3. Our review of a trial court's imposition of an appeal bond is limited to determining whether the trial court abused its discretion. *C.A.N.D.L.E. v. Board of Commissioners*, 93 Pa.Cmwlth. 547, 502 A.2d 742 (1985).

4. In *C.A.N.D.L.E.*, 502 A.2d at 744 (emphasis added), this court quoted the predecessor provision, formerly section 1008(4) of the MPC, as follows:

> If the appellants are persons who are seeking to prevent a use or development of the land of another ... the landowner whose use or development is in question may petition the court to order the appellants to post bond as a condition to proceeding with the appeal. After the petition is presented, the court **shall hold a hearing to determine if the filing of the appeal is frivolous** and is for the purpose of delay. At the hearing evidence may be presented on the merits of the case. After consideration of all evi-

dence presented, if the court determines that the appeal is frivolous and is for the purpose of delay it should grant the petition. The right to petition the court to order the appellants to post bond may be waived by the appellee but such waiver may be revoked by him if an appeal is taken from a final decision of the court. **The question of the amount of the bond shall be within the sound discretion of the court.**

5. Takacs is referring to the following portion of the argument presented by the Developer's attorney:

> St. Clair development today has a sales agreement for the sale of one of the four Waccamaw units for $389,000 from a Dr. Edwards. St. Clair Development has been prevented from closing on this transaction because the buyer's attorney ... will not close because of this litigation.
> (R.R. at 369a.)

There would be four of those in that structure. I'm going to use that as some kind of a touchstone for fixing an amount of appeal [bond].

I know that [the Developer's attorney] in his petition has listed amounts upwards of eight, nine, $10 million dollars, which are just clearly unrealistic, but I do think just fixing as an amount something consistent with at least one out of the four units in the Waccamaw structure at $380,000, we would deem that to be a **nominal amount** necessary for posting a bond in this case.

(N.T., 3/5/10, at 60–61, R.R. at 418a–19a.) Third, addressing the matter in a supplemental opinion, the trial court stated that there was sufficient evidence in the record to justify the amount of $380,000 for the appeal bond, including the building permit application showing a construction value of $400,000 for the Waccamaw townhouse units. (*See* Trial Ct. Supp. Op. at 6–7; R.R. at 188a, 190a.)

Based on the foregoing, we cannot conclude that the trial court abused its discretion by failing to hold a hearing.

## B. Frivolousness

We next address whether the trial court erred in concluding that Takacs' appeal to this court was frivolous.

 An appeal is frivolous when there is no likelihood of success and the continu-

ation of the contest is unreasonable. *Rickert*, 960 A.2d at 922 n. 21. Where the trial court takes no additional evidence, our scope of review of Takacs' appeal is limited to determining whether the ZHB committed an error of law or an abuse of discretion; the ZHB abuses its discretion when its findings of fact are not supported by substantial evidence. *Id.* at 918 n. 9.

### 1. Setbacks Issue

The first issue that Takacs claims is not frivolous is whether the Developer's proposed multi-family dwelling met the setback requirements set forth in section 801.C.2 of Zoning Ordinance No. 144.[6] The zoning officer credibly testified that: (1) the plan attached to the building permit application had a scale of one inch for 100 feet, (N.T., 4/21/08, at 64, R.R. at 93a; Application for Building Permit, R.R. at 194a); and (2) he used the scale to verify that all setback requirements were met, (N.T., 4/21/08, at 64–65, 76–81, R.R. at 93a–94a, 105a–110a).

Takacs asserts that the zoning officer's testimony is "confusing at best as to how he computed the setbacks," specifically, how he determined the location of the Homeowners Association property line to do the measurements when the building permit application did not identify the Homeowners Association property. (Takacs' Brief at 18–20.) First, Takacs also attacks the trial court's analysis of the

---

6. Section 801.C.2 of Zoning Ordinance No. 144 provides, in pertinent part, as follows:
 2. .... Condominium and Multi–Family Dwellings shall not be erected ... except as consistent with the provisions of this section.
 (a) Front Yard: For lots where the front yard abuts the street, the set back shall be no less than ten (10) feet from the lot line bordering the street. Where the front yard abuts the lake front, the set back shall be no less than one hundred (100) feet from the lot line bordering the lake shoreline.
 (b) Rear Yard: In all cases the set back shall be no less than ten (10) feet from the rear lot line.
 (c) Side Yard: Not less than ten (10) feet at any point along the side lines and not less than twenty-five feet from the closest building.
 (d) Composite minimum width for both side yards—not less than twenty (20) feet at any point.
 (R.R. at 220a–21a.)

setback issue, but, because the trial court took no additional evidence, we review the ZHB's findings and conclusions on the matter. Second, notably absent from the argument presented by Takacs is any assertion that the Developer failed to satisfy a particular setback requirement. Third, the zoning officer testified that he used the Developer's subdivision plan and the first page of the building permit application to identify the Homeowners Association property line. (N.T., 4/21/08, at 56–57, R.R. at 85a–86a; Application for Building Permit, R.R. at 188a, 194a; Subdivision Plan, R.R. at 318a.)

■ We agree with the trial court that there was no likelihood that Takacs would have succeeded on the merits of her setback issue, that the continuation of the appeal on that issue would have been unreasonable and, thus, that the appeal would have been frivolous. (*See* Argument by Counsel for the Developer, N.T., 3/5/10, at 15, R.R. at 373a; Trial Court's Ruling, N.T., 3/5/10, at 59–60, R.R. at 417a–18a.)

### 2. Article XII Issue

The other issue that Takacs claims is not frivolous is whether the Developer's proposed multi-family dwelling violated the requirements for Planned Residential Communities in Article XII of the zoning ordinance. Takacs asserts that the trial court erred in ruling that Takacs waived that issue.

First, we again point out that, in making this argument, Takacs attacks the analysis of the trial court, but, because the trial court took no additional evidence, this court reviews the ZHB's decision. Second, although the ZHB also determined that Takacs waived the Article XII issue, the ZHB further concluded that the Borough Council, not the ZHB, had jurisdiction over Article XII issues, and, even if the ZHB had jurisdiction, the proposed multi-family dwelling did not violate Article XII. Takacs does not even address the ZHB's additional grounds for denial of relief under Article XII.

We agree with the trial court that there was no likelihood that Takacs would have succeeded on the merits of her Article XII issue, that the continuation of the appeal on that issue would have been unreasonable and, thus, that the appeal would have been frivolous.

Accordingly, we affirm the trial court's appeal bond order.

### III. Motion to Quash 2616 C.D. 2009

The Developer argues that the appeal at 2616 C.D. 2009 should be quashed for failure to post the appeal bond. We agree.

■ In *C.A.N.D.L.E.,* this court quashed an appeal based on the failure to post bond ordered by the common pleas court. Takacs asserts that she did not post the appeal bond because the trial court's order was so vague that Keystone Insurers Group, a bonding company, would not underwrite the bond. (Takacs' Brief at 25.) However, the trial court concluded that Takacs waived this issue because Takacs did not request a clarified order or an extension of time. (Trial Ct. Supp. Op. at 7.) We agree with the trial court that the issue is waived.

Accordingly, we quash the appeal at 2616 C.D. 2009 for failure to post the appeal bond.

### ORDER

AND NOW, this 5th day of January, 2011, it is hereby ordered as follows:

1. The motion to quash the appeal at 365 C.D. 2010 is denied.

2. The appeal bond order of the Court of Common Pleas of Somerset County, dated March 5, 2010, is affirmed.

3. The motion to quash the appeal at 2616 C.D. 2009 for failure to post the appeal bond is granted.