PPM ATLANTIC RENEWABLE

v.

**FAYETTE COUNTY ZONING HEARING BOARD, Neil Brown and Thomas J. Bozek.**

**Appeal of: Thomas J. Bozek.**

Commonwealth Court of Pennsylvania.

Argued April 4, 2011.

Decided May 3, 2011.

Reargument Denied June 23, 2011.

Gary Nixon Altman, Uniontown, for appellant.

Daniel W. Rullo, Somerset, for appellee.

BEFORE: PELLEGRINI, Judge, and SIMPSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge SIMPSON.

In this complex zoning case, we confront the impact of an objector's failure to either appeal from or satisfy an order to post bond as a condition of continuing with an appeal from the trial court's decision on the merits.

Thomas J. Bozek (Objector) asks whether the Court of Common Pleas of Fayette County (trial court) erred in reversing a decision of the Fayette County Zoning Hearing Board (ZHB).[1] After an initial remand to the ZHB, the trial court granted PPM Atlantic Renewable's (Applicant) requests for numerous special exceptions

---

1. By letter dated March 4, 2011, the ZHB indicated it would not participate in this appeal.

and setback variances, subject to certain modified conditions, so as to allow Applicant to construct its proposed wind energy project. Objector appealed both the trial court's remand decision and its decision granting Applicant's requests for relief.[2]

After Objector's appeals to this Court, the trial court granted Applicant's motion requesting that Objector post a bond as a condition to continuing with his appeals. It is undisputed that Objector did not file an appeal from, or comply with, the trial court's order imposing the bond. As a result, Applicant filed a motion to quash Objector's appeal on the merits based on Objector's failure to appeal or comply with the trial court's bond order. For the reasons that follow, we grant Applicant's motion to quash.

In September 2007, Applicant filed numerous applications with the ZHB requesting special exceptions and dimensional variances to permit construction of a wind power facility known as the South Chestnut Windpower Project in southern Fayette County. The proposed project spans approximately three-and-a-half miles of the Chestnut Ridge in Wharton, Georges, and Springhill Townships.

In total, 22 of the 24 proposed wind turbines are located in Georges and Springhill Townships. Because neither of those townships have their own zoning ordinances, the proposed turbines that lie within those townships are subject to the Fayette County Zoning Ordinance (zoning ordinance).[3]

The zoning ordinance in existence at the time Applicant submitted its requests permitted a "windmill/wind turbine" by special exception in the County's A–1 Agricultural Rural Zoning Districts. *See* Section 100–203(B) of the zoning ordinance, Table 1 (Non-residential).

Additionally, Section 1000–876 of the zoning ordinance contains 13 criteria that an applicant must satisfy to obtain a special exception for a windmill/wind turbine. One criterion requires a minimum setback from any lot line of 100% of a turbine's height. Section 1000–876(D) of the zoning ordinance. Also, Section 1000–876(N) of the zoning ordinance grants the ZHB authority to attach conditions on the grant of a special exception for a windmill/wind turbine in order to protect the public health, safety and welfare, including the right to impose increased setbacks.

After hearings, the ZHB denied Applicant's requests in their entirety. Applicant appealed to the trial court.

Applicant's appeal was assigned to Judge Ralph C. Warman (first trial judge), who ultimately remanded to the ZHB. The first trial judge ordered the ZHB to consider the existing record and to grant each special exception as required by law and impose any condition needed to protect the public health, safety and welfare. The first trial judge also directed the ZHB to properly consider Applicant's requests for dimensional variances.

Thereafter, the ZHB issued a second decision in which it: (1) granted (as *de minimis*) Applicant's request for vari-

---

2. By order of October 8, 2010, this Court quashed Objector's appeal of the trial court's remand order because that order was interlocutory. This Court determined all the issues raised in Objector's appeal of the remand order were subsumed within Objector's appeal of the later, final trial court order disposing of the case on the merits.

3. Wharton Township has its own zoning ordinance, and the towers located in that township are not part of the subject matter of this appeal. Applicant notes the Wharton Township Zoning Hearing Board granted variances and special exceptions for those turbines that would be constructed within its boundaries.

ances from the height restrictions for all 22 turbines; (2) denied Applicant's requests for variances from the setback requirements for eight of the 22 towers; (3) denied Applicant's special exception requests for these eight towers based on the denial of the requested setback variances; and, (4) granted Applicant's special exception requests for the remaining turbines, subject to seven conditions. One attached condition requires Applicant to increase the minimum setbacks for its turbines to 500 feet from roadways and 425 from all property lines.

Applicant again appealed to the trial court, asserting, among other things, the ZHB erred by denying its requests for dimensional variances from the setback requirements for the eight turbines, by denying the corresponding eight special exceptions, and by imposing unreasonable conditions. The trial court, through Judge Steve P. Leskinen (second trial judge), ultimately agreed with the majority of Applicant's contentions.[4]

After entry of the order sustaining Applicant's land use appeal, but prior to Objector's appeal to this Court, Applicant filed a motion for bond with the trial court. Objector filed an answer and a motion to strike Applicant's request. Objector also filed two notices of appeal with this Court. The first notice of appeal sought review of the second trial judge's order sustaining Applicant's land use appeal. The second

notice of appeal sought review of the first trial judge's remand order.

Thereafter, the trial court held a hearing on Applicant's motion for bond. After hearing, the trial court granted Applicant's motion, and ordered Objector to file a bond in the amount of $250,000, "*as a condition of continuing with the appeal heretofore filed.*" Reproduced Record (R.R.) at 48a.

Before this Court, Objector filed a motion to consolidate the appeals from the first trial judge's remand order and from the second trial judge's merits order. Applicant subsequently filed a motion to quash the appeals, asserting Objector did not post bond or file an appeal from the bond order.

After oral argument in this Court, Senior Judge Barry F. Feudale dismissed Objector's motion to consolidate the appeals as moot and granted Applicant's motion to quash. As to Objector's motion to consolidate, Judge Feudale determined Objector's appeal of the first trial judge's remand order was a nullity. Judge Feudale noted the remand order was interlocutory and was later made final by the second trial judge's order sustaining Applicant's land use appeal. Judge Feudale determined all the issues raised in Objector's appeal of the remand order were subsumed within Objector's appeal of the later, final trial court order.

---

4. Specifically, the second trial judge determined the ZHB erred in denying Applicant's request for variances from the setback requirements. The trial court determined the requested variances were dimensional and, therefore, the unnecessary hardship criterion was relaxed. The trial court determined Applicant satisfied the relaxed hardship criterion. The second trial judge also determined the ZHB erred in determining Applicant's proposal would result in harm to the community.

Additionally, based on its grant of the dimensional variances from the setback requirements, the second trial judge determined the ZHB erred in denying Applicant's request for special exceptions for the remaining eight towers as Applicant satisfied all other special exception criteria.

As to Applicant's challenge to five of the seven attached conditions, the second trial judge struck three of these conditions. He also modified the increased setback condition.

More significantly, Judge Feudale quashed Objector's appeal of the second trial judge's merits order. Judge Feudale determined Objector's failure to appeal the bond order and his failure to post the bond in compliance with that order required him to quash Objector's appeal on the merits.

Shortly thereafter, Judge Feudale granted Objector's motion for reconsideration of his decision quashing Objector's appeal, essentially deferring the motion to quash to a panel. The case is now before us for disposition on the motion to quash and on the merits.

■ Initially, Applicant renews its request that this Court quash Objector's appeal for failure to comply with, or appeal, the trial court's bond order. Applicant asserts the trial court properly determined Objector's appeal falls within the parameters of Section 1003–A(d) of the Pennsylvania Municipalities Planning Code [5] because it seeks to prevent or limit the use or development of land of others and is frivolous.

Applicant asserts this Court's recent decision in *Takacs v. Indian Lake Borough, Zoning Hearing Board*, 18 A.3d 354 (Pa. Cmwlth.2011) controls. It contends that in *Takacs* this Court held an appeal bond order issued in connection with an appeal to this Court is a final, appealable order, and we quashed an objector's appeal to this Court for failure to post an appeal bond. Applicant argues the same result is warranted here.

In response, Objector asserts that because Applicant was the appellant from both ZHB decisions to the trial court, under *Rickert v. Latimore Township*, 960 A.2d 912 (Pa.Cmwlth.2008), *appeal denied*, 601 Pa. 705, 973 A.2d 1008 (2009), Applicant lacked the ability to request the posting of a bond. Objector argues that as a result the trial court lacked authority to impose the bond and its bond order is void *ab initio*.

Objector also contends there is a jurisdictional tension between Section 1003–A(d) of the MPC and Pa. R.A.P. 1701. The MPC allows a party to request a bond in common pleas court after that court disposes of a land use matter and a party takes a further appeal; however, Pa. R.A.P. 1701 divests a common pleas court of jurisdiction once a further appeal is taken, except for certain housekeeping matters. Objector maintains that conducting an evidentiary hearing and imposing a bond under Section 1003–A(d) of the MPC are not housekeeping matters.

In challenging this Court's authority to quash his appeal, Objector offers the following free-flowing argument. He argues no rule or statutory provision authorizes a bond to be posted in this Court absent a request for a stay. *See* Pa. R.A.P. 1731. Here, Applicant did not request a stay, and Objector did not post a bond. Moreover, the trial court did not enter an order quashing this appeal. If such an order is entered by the trial court, that order becomes final and appealable. Objector contends that if this Court quashes his appeal, it would "result in [Objector] simply refiling this appeal because a litigant gets an appeal in any event, specifically including the bond order." Appellant's Br. at 44.

■ In his reply brief, Objector acknowledges this Court's recent decision in *Takacs*, but urges this Court's not to apply the rule announced there retroactively. Objector contends to dismiss his appeal now would require he be put out of court

5. Act of July 31, 1968, P.L. 805, *as amended*, added by section 101 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11003–A(d).

based on a change in procedural law that occurred after his appeal. He maintains this change in procedural law does not follow the plain language of the MPC, and it is contrary to prior case law. He also asserts quashing his merits appeal based on *Takacs* would violate his state constitutional right to appeal a common pleas court decision to this Court and be heard on the merits.

Alternatively, Objector argues *Takacs* is distinguishable. Objector contends that unlike in *Takacs*, where the objector challenged the common pleas court order imposing the bond, Objector here did not appeal the bond order and, therefore, the trial court's bond order is still "sitting there." Appellant's Reply Br. at 6. Objector maintains because of the wording of the order, which contains no time limit and provides for no automatic dismissal, he could file his bond at any time before a dismissal order is entered and still be in court.

Pursuant to Section 1003–A(d) of the MPC:

> If the appellants [before the common pleas court] are persons who are seeking to prevent a use or development of the land of another ... the landowner whose use or development is in question may petition the court to order the appellants to post bond *as a condition to proceeding with the appeal.* After the petition for posting a bond is presented, the court shall hold a hearing to determine if the filing of the appeal is frivolous. At the hearing, evidence may be presented on the merits of the case. It shall be the burden of the landowners to prove the appeal is frivolous. After consideration of all evidence presented, if the court determines that the appeal is frivolous, it shall grant the petition for posting a bond. The right to petition the court to order the appellants to post

bond may be waived by the appellee, but such waiver may be revoked by him if an appeal is taken from a final decision of the court. The question of the amount of the bond shall be within the sound discretion of the court. An order denying a petition for bond shall be interlocutory....

53 P.S. § 11003–A(d) (emphasis added).

Very recently, in *Takacs*, this Court addressed the application and effect of Section 1003–A(d) of the MPC in the context of an objector's appeal to this Court. There, we considered an objector's appeals from a common pleas court order that affirmed the grant of a building permit to a developer (merits appeal), and a common pleas court order that required her to post a bond in connection with her appeal to this Court (bond order appeal). The developer filed a motion to quash the objector's merits appeal because the objector did not post the required bond. This Court first addressed the developer's motion to quash the objector's bond order appeal on the ground that the order was interlocutory. This Court denied that motion on the ground the trial court's bond order, entered after disposition of the land use appeal on the merits, was a final, appealable order. Speaking through Senior Judge Friedman, this Court explained:

> Certainly, a common pleas court order directing the appellant in a land use appeal to post an appeal bond as a condition for proceeding with the appeal is an interlocutory order. At that point in the proceedings, the common pleas court has not disposed of the matter. However, where the appellee initially waived the right to petition for an appeal bond and revoked the waiver upon the filing of an appeal with this court, an appeal bond order is no longer an interim or temporary order. At that point, the common pleas court has disposed of the

land use appeal, as well as the appeal bond petition. Because the General Assembly obviously knew the meaning of the word "interlocutory" when it enacted section 1003–A(d) of the MPC, we construe the provision to mean that an appeal bond order is interlocutory if it is issued as a condition for proceeding with the appeal before the common pleas court.

*As for the appeal bond order here, which was issued after the trial court disposed of the land use appeal, we consider such to be an order ancillary to the [merits appeal]. See* Pa. R.A.P. 1701(b)(1) (stating that, after an appeal is taken, a trial court may take other action ancillary to the appeal). *Because the ancillary order disposes of the appeal bond matter, it is a final order, and [the objector] may take an appeal from any final order as of right.* Pa. R.A.P. 341.

*Id.* at 255–56, (emphasis added).

Because the objector appealed the court of common pleas' bond order, challenging its validity, this Court reviewed the common pleas court's determination that the objector's appeal was frivolous. After reviewing each of the issues presented, we agreed the objector's appeal was frivolous. As a result, we quashed the objector's merits appeal because the objector did not post the required bond.

Here, as in *Takacs,* after Objector filed his appeals to this Court regarding the merits, the trial court granted Applicant's petition for posting of an appeal bond, stating the issues Objector preserved for appeal were frivolous, and Objector filed the appeal for purposes of delay and financial gain. R.R. at 47a–48a. The trial court imposed the bond as a condition of continuing with the appeal to this Court. *Id.* As in *Takacs,* Objector did not post the

required bond. However, unlike in *Takacs,* where the objector appealed the bond order, thereby enabling this Court to review the propriety of that order, Objector here did not appeal the trial court's bond order. Objector's failure to appeal that final order precludes review of the propriety of the order.

Objector's numerous arguments challenge the trial court's authority to impose the bond. However, Objector did not appeal that order. In cases where this Court reviewed the propriety of a trial court's imposition of a bond in connection with an appeal to this Court, the party upon whom the bond requirement was imposed appealed the bond order itself. *See Takacs; Rickert; C.A.N.D.L.E. v. Bd. of Comm'rs of Fayette Cnty.,* 93 Pa.Cmwlth. 547, 502 A.2d 742 (1985); *see also In re Farmland Indus., Inc.,* 109 Pa.Cmwlth. 304, 531 A.2d 79 (1987); *Collis v. Zoning Hearing Bd. of City of Wilkes–Barre,* 77 Pa.Cmwlth. 4, 465 A.2d 53 (1983). Thus, the challenge to the propriety of the bond order was properly preserved for appeal. Here, however, Objector did not appeal the bond order.

Based on Objector's failure to properly perfect jurisdiction in this Court by appealing the bond order, this Court cannot consider Objector's arguments regarding the trial court's authority to impose the bond. This Court previously stated, "[w]hat [appellant] seems to have forgotten is that the trial court's directive was captioned 'Order' and not 'Suggestion[.]' " *Cleary v. Dep't of Transp.,* 919 A.2d 368, 371 (Pa.Cmwlth.2007). That statement is equally applicable here.

Further, we reject Objector's argument that this Court should refrain from retroactively applying our holding in *Takacs* (that a bond order entered after a common pleas court disposes of a land use appeal is a final order).

██ The issue of whether a state court decision announcing a new rule of law should be applied retroactively or prospectively is a matter within the judicial discretion of the court. *See Freed v. Geisinger Med. Ctr.*, 601 Pa. 233, 971 A.2d 1202 (2009), *aff'd on reargument*, 607 Pa. 225, 5 A.3d 212 (2010). In resolving this issue, the major considerations must be: (1) whether the holding involves an interpretation of a statute or some other source of law, and (2) whether the issue is substantive or procedural. *Id.*

██ Logically, courts have greater control over questions of retroactivity or prospectivity if the "rule" is of the court's own making, involves a procedural matter, and involves common law development. *Id.* On the other hand, courts should have the least flexibility where the holding both: (a) involves an interpretation of a statute; and (b) far from involving a mere procedural matter, is a statute which defines criminal conduct. *Id.*

For several reasons, we reject Objector's argument that this Court should not apply *Takacs* here. First and foremost, it is unclear that *Takacs* announced a new rule of law. *See Freed*, 601 Pa. at 252, 971 A.2d at 1213 (when the Court "issues a ruling that overrules prior law, expresses a fundamental break from precedent, upon which litigants may have relied, or decides an issue of first impression not clearly foreshadowed by precedent, this Court announces a new rule of law.") In several prior cases (which date back to at least 1983), when a party wished to challenge the validity of a trial court's bond order imposed in connection with an appeal to this Court, the party filed an appeal from the bond order, and this Court considered the propriety of that order. *See Rickert*; *C.A.N.D.L.E.*; *In re Farmland Indus.*; *Collis.* Thus, the ability to file an appeal from a bond order to challenge its propriety is not new or unknown.

Next, although our holding in *Takacs* involved an arguably new interpretation of Section 1003–A(d) of the MPC, it concerned a procedural matter. As noted above, our Supreme Court holds courts have greater control over questions of retroactivity or prospectivity where the "rule" involves a procedural matter. *Freed.*

In addition, in *Takacs*, we applied our purportedly "new" holding to the facts presented in that appeal, rather than announcing it prospectively. There is no persuasive reason not to do the same here. As such, we discern no basis not to apply *Takacs* here.

Further, although Objector asks that we hold the trial court's bond order was void *ab initio* because the trial court lacked authority to impose a bond, Objector provides no authority for this position, and our research fails to disclose any authority that would permit Objector to collaterally attack the trial court's bond order on this basis.

Based on the foregoing, we are compelled to grant Applicant's motion to quash Objector's merits appeal.

### ORDER

**AND NOW,** this 3rd day of May, 2011, PPM Atlantic Renewable's motion to quash the appeal of Thomas J. Bozek at 1431 C.D. 2010 is **GRANTED;** accordingly, the appeal is **QUASHED.** Jurisdiction is relinquished.